WRIGHT v. WRIGHT.

No. 32934.   Oct. 21, 1947.

*185 P. 2d 915.*

E. C. Hopper, of Eufaula, for plaintiff in error.

R. O. Green and Joe M. Whitaker, both of Eufaula, for defendant in error.

DAVISON, V.C.J. This action was commenced December 15, 1945, by Noel Earl Wright, as plaintiff, against Alcia Wright, his wife, for a divorce.

On December 31st the defendant applied for, and the court made, an order making M. E. Wright an additional party hereto. On the same day she filed her answer and cross-petition alleging grounds for a divorce from her said husband and, further, that they were the owners of a 40-acre tract of land which was acquired by joint industry during coverture, the title to which was in the name of M. E. Wright, and that he held the same as trustee. She prayed for a divorce, custody of their three children, a division of property, alimony, support money for said children and a decree quieting title to the 40 acres as against M. E. Wright.

By subsequent pleadings, the plaintiff disclaimed any interest in the real estate, M. E. Wright alleged title to the same, and both parties objected to the latter being made a party hereto for the reason that the adjudication of the title to said property could not be had in the divorce action and said causes were improperly joined.

The judgment of the trial court, in two parts, was in favor of the defendant for divorce, custody of the children, division of property and child support. As to the real estate, the title was decreed to be in the original parties as tenants in common and was so quieted as against M. E. Wright, with the right of occupancy granted to defendant, until further order of the court.

From this judgment M. E. Wright has appealed, asserting error of the trial court in making him a party to the action and determining the title to the property involved and, in addition, that the judgment is not supported by the evidence.

This, being an action for divorce, is to a great extent controlled by the statutes especially applicable thereto. It is not the same as most other actions in which the plaintiff, with certain limitations, may lay off the ground and determine the boundaries of the litigation. The relief which the trial court grants or refuses constitutes a final determination and separation of the individual rights and property of the parties which have been closely interwoven with each other during the marital relationship. The only issue involved, which is not determined with such finality, is the care, custody and support of the offspring of the union.

"A divorce granted at the instance of one party shall operate as a dissolution of the marriage contract as to both, and shall be a bar to any claim of either party in or to the property of the other, except in cases where actual fraud shall have been committed by or on behalf of the successful party." 12 O.S. 1941 §1279.

Because of the provisions of this statute, it is necessary that both parties be allowed to present every issue therein concluded by the decree. For this reason:

"The defendant, in his or her answer, may allege a cause for a divorce against the plaintiff, and may have the same relief thereupon as he or she would be entitled to for a like cause if he or she were plaintiff. When new matter is set up in the answer, it shall be verified as to such new matter by the affidavit of the defendant." 12 O.S. 1941 §1274.

To this extent, are the general statutes with reference to permissible parties, modified and extended. 12 O.S. 1941 §231 provides:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein."

Construing the acts together, it is apparent that a defendant in a divorce action, who files a cross-petition, stands in the same position as though he or she were an original plaintiff and may make such persons parties thereto to the same extent as in filing an original action. Although in the case at bar the question of fraud is not involved, the parties in many respects occupy the same position as those in the case of Maharry et al. v. Maharry, 5 Okla. 371, 47 P. 1051, wherein this court held that a grantee of the husband's property, which had been fraudulently conveyed to defeat an alimony award, could be made a party to the divorce action in order to reach the balance of the purchase price yet due to the husband.

The reasoning of the California court in the case of Elms v. Elms et al. (Cal.) 52 P. 2d 223, 102 A.L.R. 811, is quite applicable here. Therein it is said:

". . . One of the duties of the court sitting as a court of equity in a divorce proceeding is to make an equitable distribution or award of community property, and to provide for the support of the wife. The court can scarcely make a fair distribution or allotment of parcels of community property without determining what property is community. If property alleged by one of the spouses to be community is in fact in whole or in part claimed by third persons, the court should determine as between the spouses whether the property is community, or owned by third persons. If a third party claimant cannot be made a party and his rights adjudicated, it may be held in a separate action brought by or against such claimant that he is the owner of the property with the result that a division of all community property made between the spouses in the divorce action, based on a determination that certain property was owned by them, will be rendered inequitable as between them."

Except for a sentence dealing with landlord and tenant, the California general statute regarding parties is identical with the above quoted section 231. Although the third party in the Elms Case, supra, was an interpleader, we are of the opinion, and so hold, that a third party claiming an interest in property alleged to belong to either spouse, may be made a party in a divorce action wherein the property rights of the principal parties are to be determined. Whether such person may be made a party by the cross-petition of the defendant without an order of court is not here involved and therefore not determined.

The next question raised is the sufficiency of the evidence to support the judgment. The defendant testified that she had been raised on this 40-acre tract of real estate while it was owned by her parents. That it was conveyed by them to the mortgagee because the payments and taxes could not be paid. That after she was married to plaintiff, they bought it jointly, paying part of the purchase price at the time, and taking title in the name of M. E. Wright, the father of the plaintiff, because he paid the balance of the purchase price. Later they repaid him but a conveyance was never made.

The testimony of several tenants and prospective tenants shows that M. E. Wright considered the farm as that of his son. When these parties were

living in Tulsa, Okla., in 1944, they were divorced but lived apart only a few days and went back together and lived as husband and wife under the belief that the divorce had been vacated. In March, 1945, they discovered that the divorce had become final and they were remarried in June of that year. The attorney who represented Mrs. Wright in that case testified herein about conversations he had with both parties concerning this property, in which the plaintiff herein considered it as belonging to him and his wife.

It was the contention of the plaintiff and M. E. Wright, and their testimony is to the effect that in March, 1945, the said M. E. Wright repaid his son the purchase price and it was agreed he should keep the title. Although there is other testimony, this is an outline of the evidence on principal points.

This court has consistently held that, in an action of equitable cognizance, the judgment of the trial court will not be disturbed on appeal unless it is against the clear weight of the evidence. Although the evidence herein is in sharp conflict, the judgment of the lower court is amply supported thereby.

The judgment is affirmed.

HURST, C.J., and RILEY, BAYLESS, WELCH, CORN, GIBSON, and LUTTRELL, JJ., concur.