### W. E. STEWART LAND CO. v. ARTHUR.

(Circuit Court of Appeals, Eighth Circuit. August 23, 1920.)

No. 5426.

1. Courts ⊂⊃508(1)—Injunction by federal court against proceeding in state court not authorized.

Where an action in the federal court was purely in personam, and no property was involved which might lawfully be protected by injunction, such court had no jurisdiction to enjoin a proceeding involving the same matter in a state court.

2. Courts ⊂⊃508(2)—Injunction by federal court, staying taking of depositions in state court, not authorized.

The prohibition of injunctions by federal courts, staying proceedings in state courts, extends to the taking of depositions.

Appeal from the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

Suit by A. W. Arthur against the W. E. Stewart Land Company. From an order enjoining proceedings in a state court, defendant appeals. Reversed.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

W. F. Zumbrunn, of Kansas City, Mo., A. Ray Maxwell, of Corning, Iowa, and E. E. Bowers, D. C. Meyer, and Floyd S. Strattan, all of Kansas City, Mo., for appellant.

Before HOOK and STONE, Circuit Judges, and LEWIS, District Judge.

HOOK, Circuit Judge. This is an appeal from an order of the United States District Court for the Southern District of Iowa enjoining proceedings in a state court of Oklahoma.

The W. E. Stewart Land Company, having sued Arthur in the court below upon two checks and a promissory note, afterwards brought an action against him upon the same instruments in the Oklahoma court, where it attached property as fraudulently conveyed and had a receiver appointed. It started to take testimony in aid of its Oklahoma action, whereupon at Arthur's instance the court below enjoined it from taking his deposition and from "in any manner proceeding" in that case, so as to interfere in any way with his right to have a trial of the Iowa action "according to the usual and ordinary procedure for the trial of such cases."

[1, 2] In the Iowa case there was no custody of property which might lawfully be protected by the injunctive process. It was purely in personam. The pendency of two or more such actions between the same parties upon the same causes of action in different jurisdictions gives to the court in which the first was brought no power to enjoin the prosecution of the others. Each may take its normal course. See Barber Asphalt Co. v. Morris, 132 Fed. 945, 66 C. C. A. 55, 67 L. R. A. 761. The prohibition of injunctions by courts of the United States staying proceedings in state courts extends to all steps in the progress of a cause. This obviously includes the taking of depositions. Otherwise a case might be effectively halted at the start or brought to failure.

The order is reversed.