CARROLL, Judge.
These interlocutory appeals were consolidated for briefing and argument. Lois J. Webb sued her nonresident husband for alimony unconnected with causes of divorce under § 65.10, Fla.Stat., F.S.A. By an amended complaint the wife sought alimony, custody of a child of the parties and exclusive use of their home. Service on the nonresident husband was attempted to be made by publication. He responded with a motion challenging jurisdiction over the subject matter,[1] but did not challenge jurisdiction over him for want of personal service in this state. The motion included grounds going to the merits. The court denied the motion and ruled it to be a general appearance. The addition of grounds on the merits was not the reason for rejecting the motion. A ground attacking jurisdiction over the person, had it been set forth in the motion, would have survived inclusion of the grounds contained therein relating to the merits (rule 1.11(b), F.R. C.P., 30 F.S.A.). On the record presented, the chancellor was eminently correct in entering the order appealed from in No. 62-131.
The separate appeal by St. Anne Airways, Inc. (No. 62-130) has merit. Without that corporation having been made a party to the suit, the plaintiff filed a motion in which it was stated that she was its secretary; that it had leased an airplane to Zantop Air Transport, Inc., a corporation of Detroit, Michigan; that the lessee corporation paid the lessor corporation monthly rental of $2,000 for the aircraft, plus $3.50 for each hour flown on the “airframe time”; that St. Anne corporation received such rent at an address in Princeton, Florida; that plaintiff had notified the lessee corporation in Michigan to make future such rent payments to her as the secretary in care of her attorney in Miami; that it was necessary to impound the monies from the lease because the husband would not submit himself to jurisdiction of the court in Florida; and she moved for an order “directing” the lease money to be paid to her attorney. The chancellor granted that motion. Zan-top Air Transport, Inc. (a foreign corporation not within the jurisdiction, and not a party to the case) was mandatorily enjoined to pay into the registry of the court the rental payments on the aircraft which, under the lease, were payable to the St. Anne corporation. Cf. Alger v. Peters, Fla.1956, 88 So.2d 903. In an effort to put itself into a position to be heard, St. Anne Airways, Inc. tried to enter the suit. Its petition to intervene was denied, as was its petition submitted therewith to vacate the rent deposit order. In the latter petition St. Anne asserted want of jurisdiction over it and the Zantop corporation and the interference with its contract rights. The order denying the corporation’s petition to vacate also set aside a transfer of title to an aircraft made by the St. Anne corporation to a third person not joined as a party. It was error to deny the petition to intervene, and the motion to vacate the rental payment order should have been granted. Rule 3.4, F.R.C.P. 31 F.S.A., relating to intervention, provides: “Anyone claiming an interest in pending litigation may at any time be permitted to assert his right by intervention, * * *.” Here the money and the contract rights of the appellant corporation were made the subject matter of the suit by orders of the court. To take a cor *144 poration’s money and abrogate its contract rights in a suit in which the corporation has not been joined, served and given an opportunity to be heard, amounts to a taking without due process of law in violation of constitutional guarantees. That proposition is established beyond the need for citation of the extensive authorities so holding. See 6 Fla.Jur., Constitutional Law § 322. If plaintiff’s application for such relief is renewed the appellant corporation first should be joined and served, or at the least allowed to intervene. The order appealed from in case No. 62-130 denying the petition to intervene and petition to set aside the order impounding the rents is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Affirmed in appeal No. 62-131. Reversed and remanded as to appeal No. 62-130.

. The grounds of the motion to dismiss the amended complaint which challenged jurisdiction over the subject matter were without merit. The contention that jurisdiction was lacking for separate maintenance under § 65.10, Fla.Stat., F.S.A., because neither spouse resided in Florida was properly rejected on authority of the recent case of Martin v. Martin, Fla.1961, 128 So.2d 386. The further contention in the motion that property sought to be reached was not in the jurisdiction, was not of itself sufficient to preclude exercise of jurisdiction over the main object of the suit which was for alimony.