404 P.2d 353

Roland M. FARMER and Maxine Farmer, husband and wife, Plaintiffs-Appellants,

v.

Delbert E. BOYD and Lapreal Boyd, husband and wife, and Bertha G. Farmer, a single woman, Defendants-Respondents.

No. 9540.

Supreme Court of Idaho.

July 26, 1965.

H. J. Swanson and George W. Hargraves, Pocatello, for respondents.

Robert W. Bennett, Pocatello, for appellants.

SMITH, Justice.

This is an appeal from a judgment of dismissal of a claim and delivery action brought by appellants to obtain possession

of certain personalty, i. e., furniture and equipment located in and upon the following described real property:

Lots 14 and 15, the northwesterly 5 feet of Lot 17 lying next to and adjoining Lot 18, and Lots 18, 19 and 20 in Block 467 of Pocatello Townsite, in Bannock County, Idaho.

Consisting of apartment houses in Pocatello, Idaho.

Appellants in their complaint alleged that prior to and on October 29, 1963, the real property was owned by appellant Roland M. Farmer, and respondent Bertha G. Farmer, as tenants in common, (see Farmer v. Farmer, 81 Idaho 251, 340 P.2d 441 (1959); that on October 29, 1963, respondents took possession of the real property and wrongfully acquired possession of the personalty, describing it, located in the apartment houses; and that, although appellants were entitled to its possession, respondents refused its surrender. Appellants prayed judgment for recovery of possession of the personalty, or, in the alternative, for damages. Appellants posted the statutory undertaking for requisition of the property whereupon respondents immediately posted the required undertaking for redelivery. I.C. § 8–301 et seq.

Respondents then filed a motion to dismiss appellants' complaint "for the reason that it is an action to determine ownership and right to possession of certain personal property, and there is presently pending a case * * * [in the Bannock County District Court], relating to the same parties and subject matter."

In support of the motion to dismiss, as well as the stay of proceedings, respondents allege that the personalty involved in the claim and delivery action was also involved in the same court [district court, Bannock County] in a divorce action, Case No. 18413, wherein appellant Roland M. Farmer is the plaintiff, and respondent Bertha G. Farmer is the defendant; that in the divorce action there is pending a motion by the plaintiff Roland M. Farmer for an order to compel Delbert E. Boyd and Lapreal Boyd, husband and wife, and Bertha G. Farmer, respondents herein, to deliver said personalty to Roland M. Farmer. Respondents then set forth a court order entered October 30, 1963, in the divorce action, restraining Roland M. Farmer from molesting the tenants living in the apartment houses, and from selling, or moving, or attempting to sell or move the personalty during pendency of the divorce action, or until further court order; also that Roland M. Farmer be required to show cause why he should not be held in contempt of court for violation of such order, by his attempt to seize and move the personalty by means of the claim and delivery action. Respondents then set forth an order entered December 3, 1963, in the divorce action whereby

the court found that Farmer was in contempt of the court's order of October 30, 1963, and alleged that he had not purged himself of the contempt.

The district court resolved the motion to dismiss in favor of respondents and entered a judgment dismissing the pending claim and delivery action with prejudice. Appellants perfected an appeal from the judgment.

Appellants assign error of the trial court in granting respondents' motion to dismiss on the ground that another action is pending between the same parties for the same cause, I.R.C.P. 12(b) (8).

The essential question presented, and which the trial court resolved by granting the motion to dismiss, was whether the issue of title to the personalty should be resolved in the pending divorce action, Case No. 18413, or in the separate claim and delivery action.

Farmer v. Farmer, 81 Idaho 251, 340 P. 2d 441 (1959), disposed of an appeal in the divorce action. The record in that appeal shows a judgment entered by the district court December 12, 1957, which adjudged and decreed that Roland M. Farmer and Bertha G. Farmer be divorced; also that the real property hereinbefore described "and all personal property therein is the community property of Roland M. Farmer and Bertha G. Farmer, and that said property is to be held [by them] as tenants in common * * *." The order of this Court relating to disposition of the property reads:
"* * * the judgment is modified to provide that the court forthwith appoint a receiver to take possession and charge of such community property, that respondent [Roland M. Farmer] account for his management of such property to such receiver, and that the receiver proceed forthwith to sell such community property under the direction of the court and to divide the net proceeds after payment of community debts equally between the parties." 81 Idaho 256, 340 P.2d 443.

The briefs of the parties disclose additional facts, concerning which there appears to be no dispute, regarding the record in the divorce action. Both parties agree that the receiver, in that action, petitioned the district court for authority to sell the property therein involved, that the receiver duly published notice of sale of the hereinbefore described real property (and other property) "together with all furniture, furnishings and equipment thereon and therein situate and located," the sale to be subject to liens and encumbrances on the property. The court ordered the sale and the property was bid in by, and the sale was confirmed to, respondents Delbert E. Boyd and Lapreal Boyd.

The controversy appears grounded upon the claim of appellants that, prior to the

sale, appellant Roland M. Farmer had acquired certain furniture and fixtures for use in the apartment houses (common property owned by himself and Bertha G. Farmer) in order to keep the apartments rented. Conversely respondents Boyds claim ownership of the personalty in that, as they assert in their argument, upon acceptance of their bid for the property described in the Notice of Sale, including the furniture and equipment located in and upon the real property, they immediately took possession of said property and thereupon "acquired furniture to furnish said apartments in anticipation of acceptance of a bid and confirmation of the same by the court." It further appears that prior to confirmation of the sale, the Farmers advised the Boyds and the receiver in the divorce action that they, the Farmers, claimed as their property the personalty described in the claim and delivery action; also, as described in a motion and accompanying affidavits by them filed in the divorce action. In that motion appellants Farmers requested the court to compel Delbert E. Boyd and Lapreal Boyd (parties respondent in the claim and delivery action) to deliver said personalty to Roland M. Farmer, the motion concluding:

"that the foregoing property is the separate property of Roland M. Farmer and Maxine Farmer, or the community property of Roland M. Farmer and Maxine Farmer, husband and wife."

The file in the divorce action updated to the time mentioned in the present appeal is not before this Court. We must therefore glean the content of that file as to matters pertinent herein from the opinion of the court below. We quote from that opinion:

"A study of the file in the first case [the divorce case] does not disclose that any decision has been made concerning the character of the property. The Plaintiffs claim that it is the separate property of the Plaintiff Roland Farmer, or the community property of both plaintiffs. It is apparently the position of the Defendants that it was community property of the Plaintiff Roland Farmer and the Defendant Bertha Farmer and subject to disposition by the receiver [in the divorce action]. By an order of April 29, 1963, amended without important changes May 6, 1963, the Court in Case No. 18413 ordered the sale of the community assets of Roland and Bertha including furniture ' * * * therein (referring to the real property) situate and located.' Defendants [respondents herein] Boyd entered their bid for all the property and on October 14, 1963, an order issued confirming sale of it. The order included a provision requiring the receiver to give an appropriate bill of sale for personal property

items included. On November 4th and 5th, the Plaintiffs [appellants herein] filed affidavits concerning the claimed separate character of the furniture, and on November 6, 1963, they filed a motion to compel the Boyds to deliver the furniture. These filings were all in Case No. 18413; I can find no ruling on the motion. On October 30, 1963, Judge Oliver restrained Roland Farmer from 'selling, attempting to sell, moving or attempting to move any furniture in said apartments.' On December 3, 1963, Mr. Farmer was found in contempt of Court for violation of this order though there was no specification of just what violations were found. No punishment was imposed. In a specification of issues March 4, 1964, Judge Oliver does not include the issues now before me."

■ By the aforesaid motion appellant Roland M. Farmer, himself, brought before the district court in Case No. 18413, appellant Maxine Farmer, also respondents Delbert E. Boyd and Lapreal Boyd; respondent Bertha G. Farmer already was before the court in that action. Thus all the parties named in the claim and delivery action are before the trial court in Case No. 18413, the divorce action. Moreover such motion, in Case No. 18413, appears to be still pending and undecided. The same subject matter, i. e., the personalty, is involved in both actions in the same court, and the relief sought is identical in each case. Case No. 18413 was pending when the claim and delivery action was filed.

■ In a divorce action it is proper that the property rights involved therein be determined and to that end third parties may be brought in by intervention or otherwise. Porter v. Porter, 84 Idaho 400, 373 P.2d 327 (1962); St. Anne Airways, Inc. v. Webb, (Fla.App.1962) 142 So.2d 142; Ortiz v. Gonzales, 64 N.M. 445, 329 P.2d 1027 (1958); Long v. Long, 88 Cal.App.2d 544, 199 P.2d 47 (1948); Wright v. Wright, 199 Okl. 291, 185 P.2d 915 (1947); Brust v. Brust, 181 Or. 307, 181 P.2d 632 (1947); Aker v. Aker, 52 Idaho 713, 20 P.2d 796 (1933), appeal dism'd, cert. den'd 290 U.S. 587, 54 S.Ct. 80, 78 L.Ed. 518 (1933); Trader v. Trader, 48 Idaho 722, 285 P. 678 (1930); Annot. 102 A.L.R. 814.

■ Either party to the divorce action may bring in third parties claiming to have interest in the property involved in the action in order that conflicting claims to the property may be adjudicated in said action. Elms v. Elms, 4 Cal.2d 681, 52 P.2d 223, 102 A.L.R. 811 (1935); Greathouse v. Greathouse, 64 N.M. 21, 322 P.2d 1075 (1958); 17 Am.Jur. Divorce § 934.

■ Appellant assigns error of the trial court in granting respondents' motion to dismiss on the ground of failure of appel-

lants to state a claim upon which relief can be granted. An examination of respondents' motion to dismiss fails to disclose that such ground was urged therein; hence such assignment is without merit.

The judgment of dismissal with prejudice is affirmed.

Costs to respondents.

McQUADE, C. J., and McFADDEN, TAYLOR and KNUDSON, JJ., concur.