362 F.2d 911
 John N. NEWLAND, Trustee in Bankruptcy for Hughes Homes,
Inc., a Montana Corporation and Hughes Homes
Acceptance Corporation, an Idaho
Corporation, Appellant,
v.
Wincel T. EDGAR and Helen E. Edgar, husband and wife, Appellees.
 No. 20480.
 United States Court of Appeals Ninth Circuit.
 June 8, 1966, Rehearing Denied Aug. 30, 1966.
 
 Maurice F. Hennessey, Butte, Mont., Arnold T. Beebe, Blackfoot, Idaho, for appellant.
 Stephen Bistline, Sandpoint, Idaho, for appellees.
 Before BARNES, KOELSCH and DUNIWAY, Circuit Judges.
 KOELSCH, Circuit Judge.
 
 
 1
 This is an appeal from a judgment of the district court for the plaintiffs, Wincel T. and Helen E. Edgar, husband and wife, declaring their note and mortgage on real property in Idaho extinguished and satisfied and awarding them a usury penalty as provided under the laws of that State. We conclude, however, that the district court lacked jurisdiction of the subject matter.
 
 
 2
 Plaintiffs were and are residents and citizens of Idaho. They commenced this suit against Hughes Homes, Inc., a Montana corporation, in the Idaho state court. By their complaint they sought a penalty of $4,004.55 and satisfaction of the remaining amount of principal due on the note ($2,233.65), together with the cancellation of the mortgage. At that time Hughes Homes, Inc. had previously been adjudicated a bankrupt, although this fact was apparently unknown to the plaintiffs. The trustee for Hughes Homes, Inc. thereupon filed a petition for removal of the action to the federal district court, asserting as the basis for that court's jurisdiction 'Section 23 of the Bankruptcy Act (11 U.S.C. Sec. 46)';[1] he also stated that the action was one between citizens of different states and the value of the matter in controversy exceeded $10,000. 28 U.S.C.A. 1332.
 
 
 3
 We perceive no jurisdiction under any provision of the Bankruptcy Act. Section 23, relied upon by the trustee, is subdivided into subsections 'a' and 'b'; the latter section must be eliminated, since it provides exclusively for suits by trustees. The remaining subsection in its pertinent part declares that the district court 'shall have jurisdiction * * * in the same manner and to the same extent as though (bankruptcy) proceedings had not been instituted and such controversies had been between the bankrupt and such adverse claimants.' In Bardes v. Hawarden First Nat. Bank, 178 U.S. 524, 20 S.Ct. 1000, 44 L.Ed. 1175 (1900) the Supreme Court decided that this subsection did not enlarge federal jurisdiction but simply preserved it if already vested. The Court said:
 
 
 4
 'This clause (i.e., subdivision 'a') * * * indicates the intention of Congress that the ascertainment, as between the trustee in bankruptcy and a stranger to the bankruptcy proceedings, of the question whether certain property claimed by the trustee does or does not form part of the estate to be administered in bankruptcy, shall not be brought within the jurisdiction of the national courts solely because the rights of the bankrupt and of his creditors have been transferred to the trustee inbankruptcy.' Id. at 536, 20 S.Ct. at 1005.
 
 
 5
 Thus to exist, jurisdiction would have to be based on diversity of citizenship or a federal question. With respect to the latter ground, the fact that a trustee in bankruptcy is a party does not give rise to a federal question (Spencer v. Duplan Silk Co., 191 U.S. 526, 531, 24 S.Ct. 174, 48 L.Ed. 287 (1903); Whitman v. Chicago & N.W. Ry. Co., 70 F.Supp. 9 (D.C.Minn.1947), (See 14 A.L.R.2d 992, 1191)) and the pleadings in this suit raised no federal question. Moreover, the total value of the 'matter in controversy' could not have exceeded $6,238.20 (i.e., a penalty of $4,004.55 and satisfaction of the remaining principal due, $2,233.65), a sum far short of the amount required by 28 U.S.C.A. 1331.
 
 
 6
 Nor did the district court have the right to entertain the suit under its diversity jurisdiction. (28 U.S.C.A. 1332). In addition to a deficiency in the amount required by that section, the essential requirement of diverse citizenship between the parties was also lacking. Subsequent to the removal, the trustee in bankruptcy for Hughes Homes Acceptance Corporation, an Idaho corporation, sought and was granted leave to intervene ona showing that it was the owner and holder of the note and mortgage as assignee of Hughes Homes, Inc. and that the assignment had been duly executed prior to the commencement of suit.
 
 
 7
 As we view this case, the intervening Idaho corporation was an indispensable party; its presence destroyed diversity. Johnson v. Middleton, 175 F.2d 535 (7th Cir. 1949); Lewis v. Lewis, 358 F.2d 495 (9th Cir. decided Mar. 14, 1966).[2]
 
 
 8
 In State of Washington v. United States, 87 F.2d 421, 427 (9th Cir. 1936), this court stated the following as a 'workable test' to be used in distinguishing an indispensable party from a necessary party:
 
 
 9
 '(1) Is the interest of the absent party distinct and severable?
 
 
 10
 (2) In the absence of such party, can the court render justice between the parties before it?
 
 
 11
 (3) Will the decree made, in the absence of such party, have no injurious effect on the interest of such absent party?(4) Will the final determination, in the absence of such party, be consistent with equity and good conscience?
 
 
 12
 If, after the court determines that an absent party is interested in the controversy, it finds that all of the four questions outlined above are answered in the affirmative with respect to the absent party's interest, then such absent party is a necessary party. However, if any one of the four questions is answered in the negative, then the absent party is indispensable.'
 
 
 13
 Upon applying the test to this case, it is apparent that the interest of the Idaho corporation was not distinct and severable from that of the Montana corporation. The district court could hardly have declared satisfied the note and mortgage in the absence as a party defendant of the assignee and then owner. Baten v. Nona-Fletcher Mineral Co., 198 F.2d 629 (5th Cir. 1952). See also Warfield v. Marks, 190 F.2d 178 (5th Cir. 1951).
 
 
 14
 The judgment is vacated and the matter is remanded to the district court with direction to return this suit to the state court. Martin v. Baltimore & Ohio R.R., 151 U.S. 673, 14 S.Ct. 533, 38 L.Ed. 311 (1894).
 
 
 
 [1]
 'Jurisdiction of controversies between receivers and trustees and adverse claimants
 (a) The United States district courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings under this title between receivers and trustees as sucn and adverse claimants, concerning the property acquired or claimed by the receivers or trustees, in the same manner and to the same extent as though such proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants.
 (b) Suits by the receiver and the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them if proceedings under this title had not been instituted, unless by consent of the defendant, except as provided in sections 96, 107 and 110 of this title.' 52 Stat. 854 (1938).
 
 
 [2]
 Had it not been such a party jurisdiction, if already existing, would not have been disturbed. Northeast Clackamas County Elec. Co-op v. Continental Cas. Co., 221 F.2d 329, 332 (9th Cir. 1955); Formulabs, Incorporated v. Hartley Pen Company, 318 F.2d 485 (9th Cir. 1963)