Dolores V. ROBERTS, Appellant,

v.

Oren W. HOLLANDSWORTH, Grace Hollandsworth, and Idapine Mills, Inc., an Oregon Corporation, Appellees.

No. 76–2840.

United States Court of Appeals,
Ninth Circuit.

Sept. 21, 1978.

Ben Peterson (argued), Pocatello, Idaho, for appellant.

Phillip M. Barber (argued), of Elam, Burke, Jeppersen & Evans, Boise, Idaho, David W. Cantrill (argued), of Green & Cantrill, Boise, Idaho, for appellees.

Before KILKENNY, GOODWIN and KENNEDY, Circuit Judges.

KILKENNY, Circuit Judge:

Roberts appeals from a summary judgment granted against her on the motions of the appellees. The summary judgment was grounded on the district court's belief that appellant's amended complaint did not state a claim on which relief could be granted and that the record disclosed no genuine issue of material fact.

The district court and counsel proceeded on the theory that the amended complaint alleged three claims only: (1) that appellees conspired to defraud the appellant of the value of an undivided one-half interest in certain timber; (2) that appellees in appropriating appellant's interest in timber were guilty of acts sounding in fraud; and (3) that appellees converted appellant's interest in the timber to their own use. The district court held: (1) that there was no *credible evidence* supporting appellant's conspiracy theory; (2) that the record was devoid of proof of the nine traditional elements of fraud under Idaho law; and (3) that an interest in timber constituted an interest in

real property and that Idaho law precluded an action for conversion of real property.

## BACKGROUND

The appellant and the appellee Grace Hollandsworth were the joint owners of certain real property located in Idaho County, Idaho, having jointly inherited the property from their mother. On March 8, 1965, the appellant conveyed her one-half interest in said property to appellees Hollandsworths, the instrument of conveyance containing the following reservation:

"Excepting therefrom all of Grantor's undivided one-half interest in the merchantable timber on the real property described in those two timber sale contracts, dated April 12, 1960, by and between Alberta G. Morrow, now deceased, as Seller and the Prairie Lumber Company of Grangeville, Idaho, as Purchaser; this exception to expire when all of said timber is removed and paid for."

On March 13, 1972, the appellees Hollandsworths, in consideration of the sum of $400,000.00, conveyed to appellee Idapine Mills, Inc., all of the accessible merchantable timber on certain described land, including the real property described in the 1965 deed from appellant to the Hollandsworths. Appellees Hollandsworths concede that they received the entire $400,000.00.

## SUMMARY JUDGMENT

Rule 56(c), FRCivP, provides:

"*Motion and Proceedings Thereon.* The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, *if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.* A summary judgment, interlocutory in character, may be ren-

dered on the issue of liability alone although there is a genuine issue as to the amount of damages." [Emphasis supplied.]

It is the law of this circuit that the burden is on the movant to establish the grounds for a summary judgment. *Handi Inv. Co. v. Mobil Oil Corp.,* 550 F.2d 543, 546 (CA9 1977). Likewise, it is well established that summary judgment is proper only when there is no genuine issue of any material fact or when viewing the evidence and inferences which may be drawn therefrom in the light most favorable to the adverse party, the movant is clearly entitled to prevail as a matter of law. *Handi Inv. Co., supra,* at 546; *Stansifer v. Chrysler Motors Corp.,* 487 F.2d 59, 63 (CA9 1973). In *Handi Inv. Co.* the court cited with approval the following language from *Ransburg-Electro-Coating Corp. v. Lansdale Finishers, Inc., et al.,* 484 F.2d 1037, 1039 (CA3 1973), where it is said:

"Although the evidence adduced in the summary judgment proceedings seems heavily weighted in favor of Ransburg, preponderance of the evidence is not the test in a summary judgment proceeding; rather the test is *whether a genuine issue of material fact remains after examination of pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits.*" [Emphasis supplied.]

## FIRST AMENDED COMPLAINT

Under no stretch of the imagination could the appellant's amended complaint be placed in the category of a model pleading.[1] Nonetheless, we gather from this pleading, the interrogatories and answers thereto, and the depositions:

(1) that appellant claimed to be the owner of an undivided one-half interest in the timber standing and growing on the real property described in Exhibit A attached to the complaint;

(2) that the appellees Hollandsworths were the owners of the other undivided one-half interest in the described timber;

---

1. In common parlance it might be termed a repetitious disaster.

(3) that on March 13, 1972, the appellees Hollandsworths wrongfully sold appellant's one-half interest in the timber to appellee Idapine Mills, Inc., and

(4) that appellees Hollandsworths received from Idapine Mills, Inc., in money, the value of appellant's one-half interest in such timber. Appellees Hollandsworths were paid the total sum of $400,000.00 for all the timber on the real property covered by their Idapine Mills, Inc. contract, a substantial part of which could belong to the appellant.

As previously mentioned, the district court, due to the ineptness of appellant's counsel before it,[2] was led to believe that the appellant's claims were limited to three: (1) conspiracy to defraud; (2) fraud in fact; and (3) conversion. Not until the arguments on appeal did the appellant's counsel advance the theory that the amended complaint clearly stated a claim for money had and received.

## DISCUSSION

That the law of Idaho recognizes a claim for money had and received, sometimes referred to as "unjust enrichment or restitution", is made clear by many Idaho authorities including *Hixon v. Allphin,* 76 Idaho 327, 281 P.2d 1042 (1955), where the Idaho court held that the substance of the action lies in a promise, implied in law, that one will restore to the person entitled thereto that which in equity and good conscience belongs to him. In such an action a plaintiff is entitled to either the value of the goods, rights, and benefits at the time of their transfer, plus interest on such sums during the time of its detention, or to a restoration of the property itself and rights, plus damages during the time of their detention. In the later case of *Smith v. Smith,* 95 Idaho 477, 511 P.2d 294 (1973),

the Supreme Court of Idaho in commenting upon a person's remedies when his property has been seized without his consent said:

"If appellant's claims ultimately are denied on remand, then consideration should be given to restitution for sums he mistakenly spent on the three parcels of property in question. When a person has been unjustly enriched at the expense of another he must make restitution to the other. [Footnote omitted.] 'Restitution' and 'unjust enrichment' are the modern designations for the older doctrine of 'quasi contracts.' [Footnote omitted.] The substance of an action for unjust enrichment lies in a promise, implied by law, that a party will render to the person entitled thereto that which in equity and good conscience belongs to the latter. [Footnote omitted.]" *Id.* at 300–01.

Additionally, the Federal Rules of Civil Procedure specifically recognize a claim for money had and received by including Form 8 in its Appendix A to Forms pursuant to the provisions of Rule 84.[3]

As early as 1919, our court in *Lipman, Wolfe & Co. v. Phoenix Assurance Co.,* 258 F. 544 (CA9 1919), speaking through Judge Gilbert, gave outright approval to language from *Bither v. Packard,* 115 Me. 306, 312, 98 A. 929, 932 (1916), reading thusly:

"It is elementary law that, when one person has in his possession money which in equity and good conscience belongs to another, the law will create an implied promise upon the part of such person to pay the same to him to whom it belongs, and in such cases an action for money had and received may be maintained. This form of action is comprehensive in its reach and scope, and though the form of proceeding is in law it is equitable in spirit and purpose and the substantial

---

2. Appellant changed counsel on appeal.

3. "Form 8.
   COMPLAINT FOR MONEY HAD AND
   RECEIVED
   1. Allegation of jurisdiction.
   2. Defendant owes plaintiff _____ dollars for money had and received from one G. H. on

June 1, 1936, to be paid by defendant to plaintiff.
   Wherefore plaintiff demands judgment against defendant for the sum of _____ dollars, interest, and costs.
   Signed: _____
                    Attorney for Plaintiff
   Address: _____ "

justice which it promotes renders it favored by the courts." *Id.* at 546.

## THE EXCEPTION

It does not take an enormous amount of judicial insight to determine that the language of the exception in the deed of March 8, 1965, is ambiguous. The forepart of the exception clearly retains to the appellant an undivided one-half interest in and to all of the merchantable timber on the real property described in the two contracts. However, the clarity of the early language is muddied by the indefinite closing statement reading: "This exception to expire when all of said timber is removed and paid for." This language, without explanation, is so indefinite and meaningless that it neither detracts from nor adds to the positive language of the exception itself. For example, when viewed in the light of the other language and of such parol evidence as might be introduced to explain the ambiguity, does the exception mean that the appellant's rights would expire when all of the timber *then standing* is removed and paid for? Or, when viewed in the same light, does it mean that the exception is to expire when all of the timber is removed and paid for under the two timber sale contracts mentioned in the exception? To add to the confusion, appellant and Hollandsworths signed an agreement extending the cutting contracts mentioned in the exception, long after the execution and delivery of the 1965 deed. In resolving the issue of fact, this might be viewed as a contemporaneous construction of the exception by the parties themselves. The record shows that appellee Idapine is the successor in interest to the Prairie Lumber Company mentioned in this exception. Also clear is the fact that the Prairie Lumber Company had ceased its operation under the two contracts mentioned in the exception some years prior to March 13, 1972, when the Hollandworths conveyed all the merchantable timber on the property to *Idapine, Prairie's* successor. We observe that the last

antecedent to "said timber" as used in next to the last line of the exception was the appellant's undivided one-half interest "in the *merchantable timber* on the real property . . . ." mentioned in the second and third lines of the exception itself. "The said timber" without explanation may or may not refer to the timber mentioned in the two timber sales contracts, as distinguished from the standing timber on land outside of the contract. [Emphasis supplied.]

Idaho, like most other jurisdictions, follows the general rule that where the terms of a contract are ambiguous, its interpretation and meaning is a question of fact to be determined by a jury[4] and that extrinsic evidence may be considered by the jury in attempting to arrive at the true intent of the contracting parties. *Werry v. Phillips Petroleum Co.,* 97 Idaho 130, 540 P.2d 792, 797–98 (1975); *Ridley v. Vander-Boegh,* 95 Idaho 456, 511 P.2d 273, 278 (1973). Additionally, Idaho follows the rule that in construing a contract, the court must try to discover the intent of the parties and where necessary may scrutinize circumstances surrounding the contract's formation. *Trans America Leasing Corp. v. Van's Realty Co.,* 91 Idaho 510, 427 P.2d 284 (1967). The Ninth Circuit is in full accord with the rule that extrinsic evidence is always admissible to help ascertain the intended meaning of an ambiguous writing. *United States, etc. v. Haas & Haynie Corp.,* 577 F.2d 568, 571–572 (1978).

Our analysis leads us to the inevitable conclusion that under the amended complaint and the facts developed in the discovery procedures, appellant may well have a valid claim for relief on the theory of money had and received. The trier of the facts, the court or a jury, must pass on the issue of fact[5] created by the ambiguity existing in the mentioned exception.

We are aware of the rule that a federal appellate court does not generally consider an issue not passed upon by the

---

4. Or court.

5. Intent of the parties.

lower court. *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). Equally well recognized is the doctrine that where injustice might otherwise result, such an unraised issue will be considered. *Hormel v. Helvering,* 312 U.S. 552, 556, 61 S.Ct. 719, 85 L.Ed. 1037 (1941); *United States v. Tanks,* 464 F.2d 547, 548 (CA9 1972). Here, we hold that a substantial injustice might result if we did not remand for clarification of the ambiguity in the excepting clause of the deed on a claim for money had and received.

Well knowing the exceptionally heavy burden placed on our trial judges, we recognize that they should not be required to act as counsel, as well as judges, and consequently, advance legal theories not mentioned nor pursued by the advocates. We at the appeal level, in our somewhat cloistered atmosphere, have a substantially better opportunity to study and analyze a problem such as here presented.

### CONCLUSION

On the record before us, we find no way of holding in court the appellee Idapine Mills, Inc. The summary judgment is affirmed as to that appellee.

The judgment in favor of the appellees Hollandsworth is vacated and the cause remanded for proceedings in conformity herewith with leave to appellant to amend her claims if she so desires.

AFFIRMED IN PART; REVERSED IN PART.