616 P.2d 1058

**Dolores V. ROBERTS and Hugh H. Roberts, Jr., husband and wife, Plaintiffs–Appellants,**

**v.**

**Oren W. HOLLANDSWORTH and Grace Hollandsworth, husband and wife, Defendants–Respondents.**

No. 12747.

Supreme Court of Idaho.

Sept. 5, 1980.

David H. Maguire, Ben Peterson, Kenneth E. Lyon, Jr., Hugh C. Maguire, Pocatello, for plaintiffs–appellants.

Gardner W. Skinner, Jr., and David W. Cantrill of Cantrill & Skinner, Phillip M. Barber and Merrily Munther of Elam, Burke, Evans, Boyd & Koontz, Boise, for defendants–respondents.

BAKES, Justice.

Plaintiff appellants Roberts appeal from a district court order dismissing their action against defendant respondents. We affirm.

Plaintiff appellant Dolores V. Roberts and her sister, defendant respondent Grace Hollandsworth, each inherited from their mother an undivided one–half interest in real property located in Idaho County, Idaho. In 1965 Roberts conveyed her interest to her sister and to her sister's husband. Appellant Roberts, however, reserved or excepted from the conveyance an interest in merchantable timber located on the land. In 1972 the respondents Hollandsworths conveyed to Idapine Mills, now merged with Wickes Corporation, all accessible and merchantable timber on the property.[1]

The Robertses initially commenced suit in federal district court for the District of Idaho in 1975 against the Hollandsworths and Idapine Mills, alleging (1) that the defendants had conspired to defraud them of their interest in timber on the property; and (2) that the Hollandsworths had defrauded them of their interest in the timber. The defendants moved for summary judgment in the federal court action. The federal court granted summary judgment in favor of each of the defendants and ordered plaintiffs' complaint dismissed, ruling that there was no credible evidence of any acts or agreements by the defendants to support the conspiracy theory and that the plaintiffs had failed to make the requisite proof of the elements of fraud required by Idaho law. The federal district court, however, allowed the plaintiffs additional time to allege any other theory of relief which might be supported by the evidence. Plaintiffs thereupon sought relief upon a conversion theory. The federal district court subsequently granted the defendants' motion for summary judgment on this theory as well, ruling that there was no basis for an action in Idaho law for conversion of real property and that an action for conversion was barred by a three year statute of limitations in Idaho. Judgment was entered for the defendants in July 1976. The Robertses appealed the judgment to the Ninth Circuit Court of Appeals.

Subsequently, in August, 1976, the Robertses filed this action in state district court. The action was brought against the same defendants named in the federal complaint and was based upon the same transactions and facts which were sued upon in the federal action. The Robertses sought either to have a one–half interest in the timber on the Idaho County land declared to be theirs or, in the alternative, to have judgment for one–half the price received by the defendants Hollandsworths for sale of the timber. The Robertses based their claim upon the following theories: (1) quiet title; (2) unjust enrichment; (3) accounting; (4) money had and received; and (5) constructive trust.

The defendants moved to dismiss the state court action on the ground that another action was pending in the federal court which was based upon the same transactions and conduct and involved the same parties as the state court action. The district court issued a provisional ruling indicating its intent to dismiss the suit for the reasons raised by the defendants and granted the plaintiffs Robertses additional time in which to submit to the court any additional material they might deem pertinent to the defendants' motion to dismiss. In August, 1977, the state court, treating the

---

1. Both corporate defendants have been dismissed from this appeal pursuant to stipulation of the parties.

defendants' motion to dismiss as a motion for summary judgment, entered judgment for all defendants. The court held that the federal court action pending appeal in the Ninth Circuit Court of Appeals was based upon the same transaction and conduct and involved the same parties as the state court action and that dismissal of the state court action was proper under I.R.C.P. 12(b)(8).[2] The court also held that the state court action was barred under the principles of *res judicata*, based upon the federal court judgment. The Robertses have appealed dismissal of their state court action.

Subsequent to the Robertses' filing of this appeal, the Ninth Circuit Court of Appeals reversed the federal court's dismissal of the Robertses' federal court action, holding that material issues of fact

existed which might form the basis for a claim for money had and received, precluding the granting of summary judgment in the case. The cause was remanded to federal district court for the District of Idaho, with leave granted to the Robertses to amend their claim if desired. *Roberts v. Hollandsworth*, 582 F.2d 496 (9th Cir. 1978).[3] Idaho state courts may take judicial notice of the judgments and decisions of federal courts which affect the subject matter of an action before the state court. *Williams v. Sherman*, 36 Idaho 494, 212 P. 971 (1922).[4]

The district court did not err in dismissing the Robertses' state court action on the ground that there was another action pending between the same parties for the same cause, I.R.C.P. 12(b)(8).[5] *Farmer*

2. "RULE 12(b). HOW DEFENSES AND OBJECTIONS PRESENTED.–Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross–claim, or third–party claim, shall be asserted in the responsive pleading thereto if one (1) is required, except that the following defenses may at the option of the pleader be made by motion: . . . (8) another action pending between the same parties for the same cause. . . ."

3. The Robertses had been offered several opportunities to amend their claims. After indicating an intent to grant the defendants' motion for summary judgment, the federal district court afforded the Robertses a chance to advance any additional theories which they believed supported their claim. After the federal district court entered summary judgment in the defendants' favor, the United States Court of Appeals reversed the judgment and remanded the cause "with leave to appellant [Roberts] to amend her claim if she so desires." *Roberts v. Hollandsworth*, 582 F.2d 496, 500 (9th Cir. 1978). The state district court also offered the Robertses an opportunity to allege additional facts or claims after provisionally granting the defendants' motion to dismiss on the ground that the pending federal court action barred their suit.

4. Oral arguments were originally scheduled in this case in October, 1979. However, upon issuance of the Ninth Circuit Court of Appeals opinion in *Roberts v. Hollandsworth, supra*, the appellants Robertses moved to vacate this Court's order setting oral argument "for the reason that the identical case is set for trial [in federal district court for the District of Idaho] . . . and involves exactly the same issues [as] are presented to the Supreme Court of this

state." Prior to oral arguments in this case held in May, 1980, counsel for both appellants and respondents moved to augment the record before this Court to show the federal district court's disposition of the Roberts action on remand from the Court of Appeals and the Robertses' subsequent appeal from that disposition. The motions were denied by this Court with leave granted to renew upon a showing of relevancy to this appeal. The motions to augment were renewed at oral argument by counsel for both appellants and respondents, and the motions were orally granted by this Court. However, we conclude that the proffered augmentation is not relevant to our decision in this appeal.

5. The district court's summary judgment in defendants' favor was also based on the ground that the federal court judgment barred the subsequent state court action under the principle of *res judicata*. Because we have affirmed the judgment on the ground that the lower court properly dismissed the suit on the ground that another action involving the same claims was pending between the parties, it is not necessary for us to address the second ground upon which the district court made its decision. *See Fischer v. Fischer*, 92 Idaho 379, 443 P.2d 463 (1968). We do note, however, that the pendency of an appeal does not suspend operation of an otherwise final federal court judgment as *res judicata* within the federal system, *Huron Holding Co. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 61 S.Ct. 513, 85 L.Ed. 725 (1941), and that a federal court judgment must be given the same full faith and credit in the state courts as afforded by the federal courts, *Hancock National Bank v. Farnum*, 176 U.S. 640, 20 S.Ct. 506, 44 L.Ed. 619 (1900).

*v. Boyd*, 89 Idaho 269, 404 P.2d 353 (1965); *Stevens v. Home Savings & Loan Ass'n*, 5 Idaho 741, 51 P. 779 (1898) (relying on former I.C. § 5–607 which was superseded by I.R.C.P. 12(b)(8), and subsequently repealed in 1975). It was only after the federal district court had ruled against the plaintiffs adversely, albeit by summary judgment, that the plaintiffs then filed the same action in the state district court. There is no suggestion in the record that the federal district court did not have jurisdiction to resolve the entire conflict between the parties, and the plaintiffs have not asserted that the federal court lacked jurisdiction to resolve the issues on the merits. The filing of the second action in the state court under these circumstances, involving as it did the same parties, the same issues and the same facts, incurs needless and substantially increased costs to the defendants, is a waste of judicial resources, and conjures up the possibility of conflicting judgments by state and federal courts.[6] While there may be some circumstances which would justify a state court in staying a state court action pending the termination of a similar controversy pending in the federal courts, under the circumstances of this case we conclude that the trial court did not err in dismissing this action. I.R.C.P. 12(b)(8); *Farmer v. Boyd, supra.*

Affirmed. Costs to respondents. No attorney fees allowed.

DONALDSON, C. J., and McFADDEN, J., concur.

TOWLES, Justice Pro Tem., dissenting:

From the majority's determination affirming the trial court's action in dismissing the above case on the ground that another action was pending, I must dissent.

As pointed out by the majority opinion, an action was filed in the United States District Court for the District of Idaho, was dismissed by the court on motion for summary judgment, and an appeal was filed to the Ninth Circuit Court of Appeals.

About the same time the appeal was filed, the plaintiff appellants herein filed an action in the state district court involving the same set of facts and the same parties. The trial court dismissed the state action on the grounds that (1) another action was pending (I.R.C.P. 12(b)(8)), and (2) that the decision dismissing the action in the federal court was *res judicata.*

As events subsequently developed, the Ninth Circuit Court reversed the federal district court and remanded the case for further proceedings. The majority opinion takes judicial notice of the action of the Ninth Circuit Court and, hence, at the present time there is no final decision of the federal court that could be pled as *res judicata.*

With the exception of the Federal Employers Liability Act cases and bankruptcy cases, the courts have uniformly held that the pendency of a personal or transitory action in either the state or federal court is not ground for abating a subsequent action in the other court. This is true even though the state and federal courts have the same territorial jurisdiction. 1 C.J.S. Abatement & Revival §§ 63, 67, and cited cases.

The majority reasons that the "maintenance of simultaneous actions in the state and federal courts involving the same parties and the same issues incurs needless and substantially increased costs to the defendant, is a waste of judicial resources, and conjures up the possibility of conflicting judgments by state and federal courts."

Here the action in the federal court was strictly one *in personam.* The state court action, on the other hand, in its prayer for relief requested a decree quieting title to standing timber located in Idaho County and, as such, was an action *in rem.* As observed by Justice Sutherland in *Kline v. Burke Constr. Co.*, 260 U.S. 226, 229–31, 43 S.Ct. 79, 81, 67 L.Ed. 226, 229–30 (1922):

---

**6.** *See also Browning Debenture Holders' Committee v. Dasa Corp.*, 454 F.Supp. 88 (D.C.N.Y. 1978) (defendant entitled to federal court injunction against plaintiff's state court litigation of same claim previously litigated in federal district court and appealed to Court of Appeals); and 28 U.S.C. § 2283 (1948) (stay of state court proceedings).

" 'The forbearance which courts of co-ordinate jurisdiction, administered under a single system, exercise towards each other, whereby conflicts are avoided, by avoiding interference with the process of each other, is a principle of comity, with perhaps no higher sanction than the utility which comes from concord; but between state courts and those of the United States, it is something more. It is a principle of right and of law, and therefor of necessity. It leaves nothing to discretion or mere convenience. These courts do not belong to the same system, so far as their jurisdiction is concurrent; and although they coexist in the same space, they are independent, and have no common superior. They exercise jurisdiction, it is true, within the same territory, but not in the same plane; and when one takes into its jurisdiction a specific thing, that res is as much withdrawn from the judicial power of the other as if it had been carried physically into a different territorial sovereignty. To attempt to seize it by a foreign process is futile and void. The regulation of process, and the decision of questions relating to it, are part of the jurisdiction of the court from which it issues.'

.    .    .    .    .

"But a controversy is not a thing, and a controversy over a mere question of personal liability does not involve the possession or control of a thing, and an action brought to enforce such a liability does not tend to impair or defeat the jurisdiction of the court in which a prior action for the same cause is pending. Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of res judicata by the court in which the action is still pending in the orderly exercise of its jurisdiction, as it would determine any other question of fact or law arising in the progress of the case. The rule, therefore, has become generally

established that where the action first brought is in personam and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded. *Stanton v. Embrey*, 93 U.S. 548, 23 L.Ed. 983; *Gordon v. Gilfoil*, 99 U.S. 168, 178, 25 L.Ed. 383; *Hunt v. New York Cotton Exchange*, 205 U.S. 322, 339, 27 S.Ct. 529, 51 L.Ed. 821; *Insurance Co. v. Brune's Assignee*, 96 U.S. 588, 592, 24 L.Ed. 737; *Merritt v. American Steel Barge Co.*, 79 F. 228, 24 C.C.A. 530; *Ball v. Tompkins* (C.C.), 41 F. 486; *Holmes County v. Burton Construction Co.*, (C.C. A.), 272 F. 565, 567; *Standley v. Roberts*, 59 F. 836, 844, 845, 8 C.C.A. 305; *Green v. Underwood*, 86 F. 427, 429, 30 C.C.A. 162; *Ogden City v. Weaver*, 108 F. 564, 568, 47 C.C.A. 485; *Zimmerman v. So Relle*, 80 F. 417, 419, 420, 25 C.C.A. 518; *Baltimore & Ohio R. Co. v. Wabash Railroad Co.*, 119 F. 678, 680, 57 C.C.A. 322; *Guardian Trust Co. v. Kansas City Southern Railway Co.*, 146 F. 337, 340, 76 C.C.A. 615; *Guardian Trust Co. v. Kansas City Southern Railway Co.*, 171 F. 43, 96 C.C.A. 285, 28 L.R.A.(N.S.) 620; *Woren v. Witherbee, Sherman & Co.* (D.C.), 240 F. 1013; *W. E. Stewart Land Co. v. Arthur* (C.C.A.), 267 F. 184."

The case of *Barnett v. Baltimore & Ohio R. Co.*, 119 Ohio App. 329, 200 N.E.2d 473 (1963), involved a Federal Employers Liability Act suit in both state and federal court. The court quotes extensively from the *Kline* case as well as *Barber Asphalt Pav. Co. v. Morris*, 132 F. 945 (8th Cir. 1904), and in quoting from *Barber Asphalt* the following appears:

"On pages 44 and 45 of 1 American Jurisprudence it is stated:

'The converse of this rule is equally true as a general proposition: the pendency of a prior suit in the federal court is not generally a bar to a suit in the state court by the same plaintiff against the same defendant and for the same cause of action, unless the action in the federal court is one that has been removed from the state court. Each court is free to proceed in its own way and in its own

time, without reference to the proceedings in the other court. Generally speaking, the federal courts and the state courts which have concurrent jurisdiction over civil actions may be considered as courts of separate jurisdictional sovereignties.

'The General rule stated that the pendency of actions in the federal court and the state court at the same time does not entitle the defendant to an abatement of one of the actions applies whether the two courts are sitting in different states, · or in the same state.'

"See, also, 21 C.J.S. Courts § 529, p. 808." 200 N.E.2d at 475–76.

In *Barnett* the court then distinguishes F.E.L.A. cases from the general rule and approves the state trial court's action in dismissing its case in favor of the previously filed federal action.

It would avail nothing to unnecessarily extend the length of this dissent by quoting from other cases in which similar rulings have been made. I have been unable to find any cases that hold to the contrary or support the position taken by the majority in this case, where an *in personam* action was pending in the federal court and another action was pending between the same parties and based upon the same facts in a state court.

The majority relies on *Farmer v. Boyd*, 89 Idaho 269, 404 P.2d 353 (1965), and *Stevens v. Home Savings & Loan Assoc.*, 5 Idaho 741, 51 P. 779 (1898), as authority for its decision in this case. In both *Farmer* and *Stevens*, the conflicting cases were both filed in the state court and in fact were filed in the same county. This is not authority for the action of the majority in the case at bar.

Here the federal court may, for a number of reasons, not be inclined to pursue the action, may ultimately determine that it did not have jurisdiction, or for other reasons not reaching the merits of the controversy may dismiss the action. Without another action pending in the state court it is highly conceivable that a litigant could lose his day in court through the operation of the statute of limitations.

On the other hand, the federal court could complete processing of the action, make its determination on the facts before it, resulting in a "final judgment." At that point the state court, having previously stayed its proceedings, could then properly consider the question of *res judicata*. This is a much better rule of law than the offhand dismissal of the state court action due to the pendency of the federal court action, as it preserves the right of litigants without undue additional expense or waste of judicial manpower.

For these reasons I would reverse the dismissal of the action by the district court, reinstate the proceeding with directions to the court to enter an order staying the state court proceedings pending the final determination of the federal court action. In this way the parties would be assured that they would have their day in one court or the other.

BISTLINE, Justice, concurring in the dissent of TOWLES, Justice Pro Tem.

I am in complete agreement with that which Judge Towles has written. I write mainly to point out an Idaho case which well illustrates his caution that the state court should not dismiss outright the action on the possibility that the federal court may "ultimately determine that it did not have jurisdiction," and "[w]ithout another action pending in the state court it is highly conceivable that a litigant could lose his day in court through the operation of the Statute of Limitations." *Newland v. Edgar*, 362 F.2d 911 (9th Cir. 1966), was just such a case where that very thing might have happened. On the appeal being heard on the merits, the circuit court ruled that the United States District Court had acted without any jurisdiction, and vacated the district court judgment. Federal jurisdiction had been claimed both under the bankruptcy act and diversity of citizenship plus jurisdictional amount. The circuit court found flaws in both. Had the action been brought in federal court, dismissal in that court would have left the plaintiff facing the plea in bar of the statute of limitations.

The majority of the Court who issue the Court's opinion today seemingly prefer to remain oblivious to the fact that such happenings can and do take place. Law, logic and common sense ride with the opinion authored by Judge Towles. There is indeed no sound reason why the state court here could not have and should not have merely entered a stay of any further proceedings in that court until the matter was wholly concluded in the federal system, and "then properly consider the question of res judicata." The sequence of events in the circuit court, *i. e.*, the reversal of the district court judgment and remand for further proceedings including the amendment of pleadings, adequately serve to demonstrate the fallacy of the Court's opinion in sustaining the trial court's outright dismissal of the action. As the proof of the pudding is often to be found in the eating, the circuit court's reversal established the wisdom of the well established rule, set forth by Judge Towles in his opinion.

My understanding of the majority's philosophy is simply that a trial court is vested with discretion in such circumstances, and whether further proceedings are stayed until the outcome of the other suit in federal court, or whether the second suit is dismissed outright, this Court will not interfere. This I believe to be unsound. What happened in the instant case, and what transpired in the *Newland* case, well serve to mandate that the exercise of such discretion must be a considered one, one that is based on logic, and hopefully on the abundance of precedent as well, but more importantly, an exercise which is entitled to careful appellate review.

Mention should be made that the defense here involved "another action pending between the same parties for the same cause," which, although found in I.R.C.P. Rule 12(b) as subparagraph (8), was not adopted from the Federal Rules of Civil Procedure, but rather came from former I.C. § 5–607(3), which provided for the right in a defendant to demur to a complaint which disclosed "[t]hat there is another action pending between the same parties for the same cause." Apparently the Court for the first time

used the nomenclature "issue in abatement" to describe the affirmative defense of another action pending in *Sanderson v. Salmon River Canal Co.*, 34 Idaho 145, 162, 199 P. 999, 1004 (1921), appeal dismissed, 260 U.S. 755, 43 S.Ct. 94, 67 L.Ed. 497 (1922). The text, 1 Am.Jur.2d *Abatement, Survival and Revival* § 3 (1962) recognizes that "abatement" has more than one legal meaning, but that in connection with the defense of another action pending "abatement" is used loosely and interchangeably as a substitute for "stay of proceedings"–although the two are distinguishable by a number of things. Hence:

" . . . in proper circumstances the court may stay a proceeding pending the outcome of another proceeding although a strict plea in abatement could not be sustained.

"Where a question of abatement or stay arises in the domestic forum during determination of a pending action in another jurisdiction, a stay is merely a temporary cessation of the proceedings awaiting the outcome of the litigation in the other jurisdiction, while abatement is a complete dismissal or discontinuance of the action. The court may, in a proper case, stay proceedings until termination of the suit having priority, and, when the cause for abatement is removed, revive the suit if anything is left to be litigated. In the event of a stay of proceedings, the domestic proceedings may be resumed if the other matter is not diligently consummated to judgment in the other forum; but if so consummated, that judgment, if applicable, may be pleaded as res judicata in the domestic proceedings. On the other hand, if proceedings at the domestic forum are abated, and proceedings in the foreign jurisdiction are not prosecuted to culmination, an entirely new action must be instituted to bring the cause before the domestic forum." *Id.* at § 43 (footnotes omitted).

The foregoing general statement of the law reflects the philosophy of the California courts from which I.C. § 5–607(3) was taken. The California courts have held that

the affirmative defense of another action pending may result in an abatement, or may result in a stay of proceedings. The courts there recognize the general rule as set forth by Judge Towles in his opinion, where both suits are not within the same state, or not within the same judicial system, noting however that "'the court in which the second action is brought may in its discretion stay or suspend that suit, awaiting decision in the first one, or, influenced by a spirit of comity, may refuse to entertain it, if the same relief can be awarded in the prior suit.'" *Simmons v. Superior Court*, 96 Cal.App.2d 119, 214 P.2d 844, 848 (Cal.App. 1950), quoting 1 Am.Jur. *Abatement, Survival and Revival* § 39 (1936).

From that statement I would take it to be the law that under the circumstances of the case the district court could *not* enter a dismissal where the other pending and prior suit is in the federal system, albeit in the District of Idaho, but can, and probably should, in a proper exercise of discretion, place the second action in abeyance awaiting the outcome of the earlier suit. In *Simmons* the California Court of Appeals laid out the history of another case, *Dodge v. Superior Court*, 139 Cal.App. 178, 33 P.2d 695, *rehearing denied, opinion amended* 139 Cal.App. 178, 34 P.2d 501 (1934), where the California district court stayed a proceeding in that state in favor of a prior action pending in Washington, and, after final judgment in Washington, which followed conclusion of the case on appeal in California, the California court *then* took up the matter, finding that the Washington judgment was in fact res judicata and binding on the plaintiff in the California action.

In conclusion, it would seem that the entry of an order by the trial court staying further proceedings until the final conclusion of the prior action in federal court, with leave to the respondents here to thereupon amend their answer, if necessary, to fully plead their defense of res judicata, based upon their federal court judgment, would be the only reasonable solution, and certainly would not bring on all the vexatious and harassing problems which seem to be the concern of the majority of this Court. Whether the ultimate federal judgment is or is not res judicata and hence a bar to any further claims by these plaintiffs is an issue which the plaintiffs are entitled to pursue. As with all litigation, it may be expensive. Such, however, does not justify the Court in upholding the dismissal of plaintiffs' action in Idaho state court on the basis that another action between the parties is pending in the federal system.

Obviously, had the trial court entered a stay of proceedings, pending the final outcome of the action in federal court, all of the parties to this action from that time forward would have been relieved of any further expenditures until that outcome was obtained. By *dismissing* this action the trial court put the parties to the additional expense of this appeal in appellants' justifiable effort to protect their position pending the determination of the action in another forum in another system.