RYAN, District Judge:
Koehring Company and Koehring Finance Corp. (“Koehring”) appeal a decision of the United States Bankruptcy Appellate Panel of the Ninth Circuit which affirmed two orders granting summary judgment by the Bankruptcy Court for the Northern District of California. The Bankruptcy Appellate Panel held that the doctrines of mistake and reformation were not available to alter the clear language used in U.C.C. filing statements and affirmed the bankruptcy judge. We concur in the Bankruptcy Appellate Panel’s assessment and affirm.
This case involves the priorities of liens as they are governed by the California Uniform Commercial Code. Koehring had a perfected security interest in the assets of the debtor, Pacific Trencher & Equipment, Inc. (“Pacific”). In September 1980, Koehring agreed to release its security interest in certain of the debtor’s assets to facilitate a sale of those assets. In the preparation of the U.C.C. statement to release its interest, Koehring erroneously checked the box marked “TERMINATION” instead of the box marked “RELEASE” in the forms prepared for filing with the Secretary of State. Upon the filing of the erroneous termination statement, the Secretary of State of California removed the financing statements from the records, and Koehring’s perfected security agreement lapsed at that time.[1] When Pacific filed for bankruptcy, Koehring filed an adversary proceeding for declaratory relief seeking reformation of its termination statement. The bankruptcy court denied that request for relief when it granted summary judgment in favor of Credit America Corporation, Credit Alliance Corporation, and the Trustee. The Bankruptcy Appellate Panel affirmed, finding that reformation was unavailable to alter the clear statement in a U.C.C. filing.
*364 Koehring presents two arguments in its appeal. The first argument is that it is entitled to reform the filing statement under the equitable principle of reformation because of mistake; the second is that the disputed filing statement terminated only its security interest in the specific property listed in the statements, not in all of the debtor’s assets. Since Koehring argues the positions alternatively, the court will consider them in the order presented.
Koehring’s initial argument is that it was entitled to employ the equitable principle of reformation based on mistake, as established in a long line of California cases which utilize that principle. The argument implicitly relies on Cal.Com.Code § 1103, which reads: “Unless displaced by the particular provisions of this code, the principles of law and equity, including the law ... relative to ... mistake ... shall supplement its provisions.” Cal.Com.Code § 1103 (West 1964). This general provision is, however, significantly limited by the more specific Section 9402(8), which provides that a financing statement may be “effective even though it contains minor errors which are not seriously misleading.” Cal.Com.Code § 9402(8) (West Supp.1984). The Bankruptcy Appellate Panel held that, “[a]rguably, the provisions of § 9402(8) ... are a displacement for purposes of § 1103.- ” In re Pacific Trencher & Equipment, Inc., 27 B.R. 167, 170 (Bkrtcy. 9th Cir.1983). This court concurs in that assessment and finds that the doctrines of mistake and reformation are unavailable to Koehring as a result.
Given that Section 9402(8) displaces the general provision of Section 1103, the issue to be resolved is whether or not the termination statement filed by Koehring can be deemed “not seriously misleading” within the meaning of Section 9402(8). The test employed to determine if the description is not seriously misleading is “whether it would indicate to an interested third party the possible existence of prior encumbrances on the collateral.” In re Munger, 495 F.2d 511, 512 (9th Cir.1974). Koehring argues that the erroneous termination was “not seriously misleading” because no one was actually misled by the termination. However, whether a filing statement is “not seriously misleading” does not require that a creditor be actually misled. “It is not determinative that no actual creditor was misled.” In re Thomas, 466 F.2d 51, 53 (9th Cir.1972). It matters that a potential creditor could have been misled. Consequently, it is the conclusion of this court that the error resulting in the termination of the financing statement was seriously misleading viewed from the standpoint of a potential creditor reviewing the records. As a result, Koehr-ing’s filing of the termination statement was in fact a termination.
The second argument presented by Koehring is that even if the termination statement it filed is construed as such, it only operated to terminate the security agreement in those items which were specifically listed in the termination statement. This argument is pressed for the first time on appeal to this court. Ordinarily, this court will not consider issues not presented to the trial court, Inman-Poulsen Lumber Co. v. Commissioner, 219 F.2d 159, 162 (9th Cir.1955), unless injustice might otherwise result, Roberts v. Hollandsworth, 582 F.2d 496, 500 (9th Cir.1978). We also may exercise our discretion to entertain such an issue when it involves only questions of law. Telco Leasing, Inc. v. Transwestern Title Co., 630 F.2d 691, 693 (9th Cir.1980). The court is persuaded that Koehring’s second argument involves only a question of law, and it accordingly elects to address the issue, even though it was not raised below.
The court has previously decided that the document filed by Koehring was a “termination statement,” and that it terminated the original financing statement. The language employed in the statement filed by Koehring reads, “TERMINATION —The Secured Party certifies that the Secured Party no longer claims a security interest under the Financing Statement bearing the file number shown above.” (emphasis added) Given the language of this form, there is no possibility of construing a partial termination of items listed in a financing statement. Checking the “TER *365 MINATION” box operates as a complete termination of the financing statement. The clause is unambiguous as a matter of law. The listing by Koehring of items in its termination statement is mere surplus-age. The only means by which to terminate the security interest in a portion of the items listed in a financing statement is by checking the “RELEASE” box. The language of that provision reads: “RELEASE — From the collateral described in the Financing Statement bearing the file number shown above, the Secured Party releases the collateral described in Item 7 below.” This court is unpersuaded that there is any possibility of a “partial” termination if the wrong box has been checked. Once the termination statement was filed, it destroyed the perfection in all the items listed in the financing statement, not merely in those listed in the attachment. The court views this argument as merely another means by which Koehring attempts to argue that equitable principles may be employed to destroy the clear meaning of the document. Having rejected the argument once already, it needs no elaboration to reject it again.
The decision of the Bankruptcy Appellate Panel is AFFIRMED.

. In December 1980, Koehring discovered that its security interest was no longer of record because of the filing of the termination statement. At that point, Koehring filed a new financing statement with respect to the collateral it claims. For purposes of this appeal, the Trustee’s claim that Koehring’s December 1980 filing is a voidable preference is not an issue, having by stipulation been reserved.