DAVID M. SAPP, PHILLIP GILLIN, ETTA PALIN, GENE NESTE, NELLO NESTE, EPHRAIM P. KRANITZ, S. GERALD STONE, JULIAN WEINSTEIN, JAMES MELVIN, JOHN J. ROGERS, NATHAN E. GILLIN, S. DELL SCOTT, JERRY TENNANT, JOEL COLEMAN, NEIL STEIN; KENNETH D. BELGUM, JACK WORMSER, and H. B. ROTHBARD, on behalf of themselves and all others similarly situated, Plaintiffs-Appellants, *v.* WILLARD M. P. WONG, MARY S. WONG and HOWARD M. Y. WONG, Defendants-Appellees, and H. T. WONG, JAMES MORIKAWA and L. W. CARMODY, Intervenors

NO. 8140

(CIVIL NO. 41216)

NOVEMBER 22, 1982

BURNS, C.J., HEEN AND TANAKA, JJ.

## OPINION OF THE COURT BY HEEN, J.

Plaintiffs-appellants[1] David M. Sapp, Phillip Gillin, Etta Palin, Gene Neste, Nello Neste, Ephraim P. Kranitz, S. Gerald Stone, Julian Weinstein, James Melvin, John J. Rogers, Nathan E. Gillin, S. Dell Scott, Jerry Tennant, Joel Coleman, Neil Stein, Kenneth D. Belgum and Jack Wormser appeal from the order of dismissal entered by the court below on September 23, 1980, which provided, *inter alia:*

IT IS HEREBY ORDERED that:

1. Class-Action Plaintiffs' Motion to Dismiss is granted, based upon the pendency of trial in Civil No. 73-3997 in the United States District Court, District of Hawaii and upon Class-Action Plaintiffs' agreement not to sue Defendants again upon this action in the courts of the State of Hawaii.

2. Plaintiffs and Defendants shall each bear their own costs and attorney's fees incurred herein.

3. This dismissal is with prejudice as to any future original action that may be commenced by Plaintiffs concerning the same subject matter of this action in any of the Circuit Courts of the State of Hawaii; provided that this dismissal shall not affect any action by or between the parties in the Federal Court.

The dispositive question is whether the court abused its discretion in imposing the condition that the dismissal is with prejudice to any future action in the state circuit courts. We find under the circumstances of this case that the court below did not abuse its discretion in imposing the condition. However, the court should have allowed plaintiffs an opportunity to withdraw their motion if they deemed the condition to be too onerous.

This matter was previously tried by the court and judgment was entered for defendants on May 2, 1977. On appeal, the judgment was vacated and the matter remanded for new trial. *Sapp v. Wong,* 62

---

[1] This is a class action by the named plaintiffs for themselves as well as other stockholders of Hawaii Pacific Venture Capital Corporation, formerly known as Hawaii Jet-Aire, also known as Air Hawaii, Inc. Plaintiff H. B. Rothbard is represented by separate counsel and did not file a Notice of Appeal or any brief on appeal. We note, also, that plaintiffs Julian Weinstein and Jack Wormser are now deceased. There are suggestions of death on file, but no substitution of parties.

Haw. 34, 609 P.2d 137 (1980). Judgment on Appeal was received by the trial court on April 18, 1980, and on May 20, 1980, defendants filed a Motion to Set Case for Trial. On June 6, 1980, plaintiffs filed a memorandum in opposition to defendants' motion and on June 10, 1980, filed a Motion to Dismiss.

Plaintiffs' motion was based on Rule 41(a)(2), Hawaii Rules of Civil Procedure (HRCP) (1980) and was accompanied by a memorandum indicating plaintiffs would pursue the case pending in the United States District Court. The motion was heard on June 24, 1980. At the hearing, plaintiffs argued that the dismissal should be without prejudice in order not to subject their federal suit to a defense of *res judicata*. Plaintiffs offered to enter into a covenant not to sue again in State court on the same cause. Defendants argued that the situation in federal court was such that it was impossible to set a trial date for civil cases[2] and, therefore, plaintiffs should be required to go to trial in State court. Defendants argued further that the dismissal should be with prejudice, noting that whether it is *res judicata* or not is a determination made by the court where the defense is raised.

In determining the matter, the trial court stated:

THE COURT: All right. Mr. Morse, I'll grant your motion to dismiss without prejudice then, preliminarily, provided that the order specifically says that the Defendant — rather, the Plaintiffs will not institute — reinstitute this matter in the State court.

MR. MORSE: Fine, your Honor.

[Transcript, June 24, 1980 at 9.]

An "Order Preliminarily Approving Dismissal" was filed on July 15, 1982, and notices to class members were mailed on the same day.

At further hearing on August 12, 1980, defendants continued to object to any order which did not indicate the dismissal was with prejudice to further action in the State courts. The court stated:

THE COURT: Mr. Ruthruff, this matter came up once before and the Court at that time indicated that the motion would be granted — motion to dismiss would be granted provided the

---

[2] At that time, there was only one United States District Court Judge in this district.

order thowed [sic] that the defendants would not bring the same suit[.]

[Transcript, August 12, 1980 at 2.]

            \*     \*     \*     \*     \*

THE COURT: I think the Court already decided that the last time that the Court was going to grant the order to dismiss with this proviso as set forth in the order. Okay?

[Transcript, August 12, 1980 at 4.]

Thereafter, both counsel submitted separate proposed orders. Plaintiffs' order based the dismissal on their agreement not to sue defendants again in the state court upon the same cause of action. The court finally signed the above order submitted by defendants.

Plaintiffs argue that the court erred when it imposed the condition because it was not agreed to by them, failed to protect their right to litigate in the federal court, and that the notice to the class had not given notice of a dismissal with prejudice. Defendants argue that the court properly exercised its discretion in dismissing the case with prejudice in view of the circumstances of the case and the prejudice they will suffer.

Rule 41(a)(2), HRCP, relating to a plaintiff's motion for dismissal without prejudice, vests in the trial court the discretion to deny the motion or grant it upon "such terms and conditions as the court deems proper," 9 WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE: *Civil,* § 2364, p. 160 (1971), *Stevenson v. United States,* 197 F. Supp. 355 (M.D. Tenn. 1961), and the court's order is reviewable only for an abuse of discretion. 5 MOORE'S FEDERAL PRACTICE ¶ 41.05(1), p. 41-58.

In the instant case, plaintiffs have had identical actions pending in federal and state courts since 1973 and 1974, respectively. The situation in the United States District Court for the District of Hawaii remains extremely tenuous insofar as trial of the case is concerned.[3]

---

[3] Courts have generally recognized that they may, in appropriate circumstances. take notice of proceedings in other courts, both within and without their judicial system if those proceedings have a direct relation to the matter at issue. *Paul v. Dade County, Florida,* 419 F.2d 10 (5th Cir. 1969), *cert. denied,* 397 U.S. 1065, 90 S. Ct. 1504, 25 L. Ed.2d 686 (1970); *Rodic v. Thistledown Racing Club,* 615 F.2d 736 (6th Cir.), *cert. denied,* 449 U.S. 996, 101 S. Ct. 535, 66 L. Ed.2d 294 (1980); *St. Louis Baptist Temple, Inc. v. Federal Deposit Insurance Corp.,* 605 F.2d 1169 (10th Cir. 1979); *Roberts v.*

Lis pendens were filed by plaintiffs in 1974 and since then have encumbered 44 parcels of real property owned by defendants Howard M. Y. Wong and Mary S. Wong. The matter was tried once below and plaintiffs lost. After reversal and remand, defendants were prepared to go to trial again when plaintiffs made their motion. Defendants have undoubtedly been put to great expense in this matter alone. We find that these circumstances amount to a quantum of prejudice to the defendant that supports the action of the court below. *Selas Corp. of America v. Wilshire Oil Co. of Texas*, 57 F.R.D. 3 (E.D. Pa. 1972); *cf. Ferguson v. Eakle*, 492 F.2d 26 (3rd Cir. 1974) (trial court held to have abused its discretion in dismissing without prejudice).

Plaintiffs argue that their agreement not to sue again protects defendants in state court. Defendants correctly point out, however, that the notice that was sent to the class members does not indicate an agreement not to bring another action in state court. We note, also, that the notice did not indicate that the trial court proposed to dismiss the action with prejudice.[4] A notice containing those conditions might have prompted objections by members of the class. Therefore, whether individual members of the class would be

---

*Hollandsworth*, 101 Idaho 522, 616 P.2d 1058 (1980). We, therefore, take judicial notice of the pending federal action and its record. Although there are now two United States District Court Judges for Hawaii, the record there shows that both have recused themselves.

[4] The notice was dated July 1, 1980, but was not signed by the clerk of the court until the date the written order preliminarily approving the dismissal was filed by the court. It read as follows:

Plaintiffs David M. Sapp (now deceased), Philip [sic] Gillin, Etta Palin, Gene Nesti [sic], Nello Nesti [sic], Ephraim P. Kranitz, S. Gerald Stone, Julian Weinstein (now deceased), James Melvin, John J. Rogers, Nathan E. Gillin, S. Dell Scott, Jerry Tennant, Joel Colman [sic], Neil Stein, Kenneth D. Belgum and Jack Wormser (now deceased) have pending a legal action designated as Civil No. 41216 in the First Circuit Court of the State of Hawaii against Willard M. P. Wong, Mary S. Wong and Howard M. Y. Wong. This legal action is a companion case to Civil No. 73-3997 in the U. S. District Court for the District of Hawaii against the same Defendants. Both Civils No. 41216 and No. 73-3997 follow a previous legal action in the United States District Court for the District of Hawaii (Civil No. 70-3104) in which a Judgment was rendered against Willard M. P. Wong in the amount of $647,508. The Judgment in Civil No. 70-3104 is in favor of the stockholders of Hawaii Pacific Venture Capital Corp., formerly known as Hawaii Jet-Aire, also known as Air Hawaii, Inc. Civil No. 41216 and Civil No. 73-3997 seek to have certain real estate presently held in the names of Willard M. P. Wong,

bound by plaintiffs' agreement remains a valid question. *See* Rule 23(e), HRCP (1980).[5]

Balanced against the foregoing is the possibility that plaintiffs may have their case defeated in federal court by a plea of *res judicata*.[6] The plain answer to plaintiffs' dilemma is that they may proceed to a re-trial of this proceeding. They have no inherent right to drop this case and proceed with the federal action.

However, the record indicates that the conditions imposed were not requested by plaintiffs and they were not given the opportunity to choose between accepting the condition or proceeding with the case. We deem this omission to be an abuse of discretion. It is a *better* practice when imposing conditions under Rule 41(a)(2), HRCP, to

---

Mary S. Wong and/or Howard M. Y. Wong impressed with a constructive or resulting trust in favor of these stockholders and other remedies.

On August 18, 1976, the Court determined that a class action was appropriate in Civil No. 41216 under the circumstances before the Court and that the class consists of those persons who held stock in Air Hawaii, Inc. on November 22, 1968. You are a member of this class and your rights are affected by this action.

NOW, THEREFORE, TAKE NOTICE:

On June 24, 1980, the Court preliminarily approved dismissal of Civil No. 41216 on the basis that Class Plaintiffs would pursue their collection remedy in Federal Court in Civil No. 73-3997. The Court set August 12, 1980 at 10:00 a.m. as the hearing date for the final approval of the dismissal.

All objections to final approval of the dismissal shall be in writing addressed to the undersigned as follows:

Clerk, First Circuit Court
State of Hawaii
Kekuana'oa Building
Honolulu, Hawaii 96813

and postmarked no later than August 4, 1980.

DATED: Honolulu, Hawaii, July 15, 1980.
/s/ R.S. Yamada
CLERK, FIRST CIRCUIT COURT
STATE OF HAWAII

[5] Rule 23(e) of Hawaii Rules of Civil Procedure mirrors Rule 23(e) of the Federal Rules of Civil Procedure. Federal courts in discussing Rule 23 have acknowledged that the primary purpose underlying 23(e) is to insure that an "absentee class member, against whom an order of dismissal with prejudice would be *res judicata*, should be afforded an opportunity to be heard before any such order is entered." *Shelton v. Pargo, Inc.*, 582 F.2d 1298 (4th Cir. 1978) at 1303. This requires that the notice given contain accurate information regarding the dismissal be it with or without prejudice.

[6] This question, of course, is not for us to decide.

allow plaintiff the option not to dismiss if he feels that the conditions are too onerous. MOORE'S, *supra,* p. 41-76. In *Scam Instrument Corp. v. Control Data Corp.,* 458 F.2d 885 (7th Cir. 1972), the court said at 889:

> Even here [under Rule 41(a)(2)], however, the plaintiff has an option not to dismiss if conditions specified by the court seem to it too onerous. [Citing 9 Wright & Miller.]

*Cf. DeLong's, Inc. v. Stupp Bros. Bridge & Iron Co.,* 40 F.R.D. 127 (E.D. Mo. 1965) (court adverts to calculated choice of plaintiff in dismissing the case against two defendants).

This matter is ordered remanded to the trial court for the following purposes: (1) to allow plaintiffs to withdraw their motion if they feel the condition is too onerous; and (2) if plaintiffs choose not to withdraw the motion, for the court to direct plaintiffs to mail another notice to class members indicating that the court proposes to dismiss this action with prejudice to any future action on the same subject matter in state court.

Remanded for proceedings in the trial court not inconsistent with this opinion.

*Gordon D. Nelson (Jack C. Morse* with him on the briefs) for plaintiffs-appellants.

*Jerry A. Ruthruff* for defendants-appellees.