**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000564
21-OCT-2022
08:27 AM
Dkt. 125 MO**

NO. CAAP-16-0000564


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


CLOSE CONSTRUCTION, INC.,
Plaintiff/Counterclaim-Defendant/Cross-Claim Defendant/Appellee
v.
HAWAII COMMUNITY DEVELOPMENT AUTHORITY,
Defendant/Counterclaim-Plaintiff/Appellee

HAWAII COMMUNITY DEVELOPMENT AUTHORITY,
Third-Party Plaintiff/Third-Party Counterclaim-Defendant/Appellee
v.
MITSUNAGA & ASSOCIATES INC.,
Third-Party Defendant/Third-Party
Counterclaim-Plaintiff/Cross-Claim Plaintiff/Appellant

MITSUNAGA & ASSOCIATES INC.,
Third-Party Plaintiff/Appellant
v.
DTRIC INSURANCE COMPANY, LIMITED,
Third-Party Defendant/Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 14-1-0599-03)


MEMORANDUM OPINION
(By:  Ginoza, Chief Judge, Leonard and McCullen, JJ.)

Third-Party Plaintiff-Appellant Mitsunaga & Associates, Inc. (**MAI**) appeals from the "Judgment" and also challenges the underlying "Order Granting Third Party Defendant DTRIC Insurance Company, Limited's Motion for Entry of Final Judgment," both

entered on July 13, 2016, by the Circuit Court of the First Circuit (**Circuit Court**).[1]

On appeal, MAI argues that the Circuit Court erred by (1) holding that all of MAI's claims against Third-Party Defendant-Appellee DTRIC Insurance Company, Ltd. (**DTRIC**) were barred by the Circuit Court's declaratory judgment in a related case; and (2) denying MAI's request for a continuance pursuant to Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 56(f)[2] on the ground that the request was made as part of a separate motion.

For the reasons discussed below, we affirm in part and vacate in part.

## I.  Background

The instant appeal arises from a breach of contract action initiated on March 7, 2014, by Close Construction, Inc. (**CCI**) against the Hawaiʻi Community Development Authority (**HCDA**) in the underlying Circuit Court case, Civil No. 14-1-0599-03.[3] HCDA owned the American Brewery Building on Queen Street in Honolulu and retained CCI as the general contractor to renovate the building.  CCI bid on the job pursuant to plans and specifications prepared by MAI under a design contract with HCDA. CCI's suit against HCDA asserted that after it was awarded the contract and received notice to proceed, it discovered that the

---

[1]  The Honorable Karen T. Nakasone presided.

[2]  HRCP Rule 56(f) provides:

> **Rule 56.  Summary judgment.**
>
> . . . .
>
> (f) *When affidavits are unavailable.*  Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

[3]  CCI filed a First Amended Complaint on December 11, 2015.

actual site conditions did not match the bid drawings.  As a result, CCI concluded that it could not build the plans supplied by HCDA and MAI.  These discrepancies allegedly caused CCI to incur additional expenses and HCDA refused to supplement CCI's compensation.

After being served with CCI's complaint, HCDA tendered its defense to DTRIC under commercial general liability insurance policies DTRIC had issued to MAI.  HCDA claimed that its contract with MAI required MAI to name HCDA as an additional insured on MAI's insurance policies for the entire term of the HDCA/MAI contract.[4]  Subsequently, DTRIC agreed to defend HCDA pursuant to a reservation of rights, which included the right to seek reimbursement from HCDA of attorneys' fees and costs of defense if it were determined that there was no coverage under the policies for the claims asserted by CCI against HCDA.  On July 21, 2014, while CCI's claims were pending in this action, DTRIC filed a separate suit against HCDA in Circuit Court, entitled DTRIC Ins. Co., Ltd. v. Hawaiʻi Cmty. Dev. Auth., et al., Civil No. 14-1-1585-07 (KTN) (**DTRIC Declaratory Action**),[5] seeking declaratory judgment that DTRIC was not obligated to defend or indemnify HCDA in this case, Civil No. 14-1-0599-03.

In the meantime, on December 11, 2014, HCDA filed a third-party complaint against MAI in this action, claiming that any damages suffered by CCI were the fault of MAI, not HCDA, and that HCDA was entitled to indemnification from MAI.  To support its claims, HCDA cited its "Contract for Professional Services"

---

[4]  As explained *infra*, DTRIC filed a separate declaratory relief action regarding its coverage obligations to HCDA.  Although the record from that declaratory relief action is not included in the record on appeal for this appeal, "[c]ourts have generally recognized that they may, in appropriate circumstances, take notice of proceedings in other courts, both within and without their judicial system if those proceedings have a direct relation to the matter at issue."  Sapp v. Wong, 3 Haw. App. 509, 512 n.3, 654 P.2d 883, 885 n.3 (1982) (citations omitted); see also Hawaiʻi Rules of Evidence Rule 201(f) ("Judicial notice may be taken at any stage of the proceeding.").  We thus take judicial notice of the record in CAAP-16-0000565, an appeal from the related declaratory relief action, Civil No. 14-1-1585-07.

[5]  The Honorable Karen T. Nakasone presided.

with MAI, including an indemnification provision therein stating that MAI "shall defend, indemnify, and hold harmless the State of Hawaii, the contracting agency . . . from and against all liability, loss, damage, cost, and expense, including attorneys' fees, and all claims, suits, and demands therefore, arising out of or resulting from the acts or omissions of [MAI][.]"

On March 20, 2015, the Circuit Court ordered mediation and a stay on discovery (**3/20/15 discovery stay**).

On April 8, 2015, MAI filed a third-party complaint against DTRIC.

On August 19, 2015, in the DTRIC Declaratory Action, the Circuit Court granted partial Summary Judgment for DTIRC ruling, *inter alia*, that:

> [CCI's] underlying complaint against HCDA does not allege "bodily injury" or "property damage" caused by an "occurrence," or "personal and advertising injury," as those terms are defined by DTRIC's insurance policy.
>
> All of the bases for HCDA's alleged liability to [CCI] are specifically excluded from coverage under the policy.
>
> Accordingly, DTRIC is entitled to partial summary judgment, on Counts I and II of its complaint, and a declaration that it is not obligated to defend or indemnify HCDA in the underlying [CCI matter].[6]

Meanwhile, in this case, CCI filed a first amended complaint on December 11, 2015, against HCDA.  CCI asserted, *inter alia*, that: under its contract with HCDA to renovate the American Brewery Building, it was suppose to conduct its work based on plans and specifications provided by HCDA and its agent MAI, but there was a problem with the site conditions not matching the bid drawings; HCDA and MAI had misrepresented the condition of the building; and this caused major disruption, delay, and increased expenses to CCI for which HCDA refused to

---

[6]  In  CAAP-16-0000565, MAI appealed from the Circuit Court's Judgment in the DTRIC Declaratory Action.  However, this court dismissed that appeal for lack of appellate jurisdiction, because the DTRIC Declaratory Action judgment did not satisfy the specificity requirements for an appealable final judgment under HRS § 641-1(a) (1993 & Supp. 2015), HRCP Rule 54(b), HRCP Rule 58, and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).

compensate CCI.  CCI asserted claims against HCDA for breach of contract and breach of the covenant of good faith and fair dealing.

On December 21, 2015, HCDA filed its answer to CCI's first amended complaint and simultaneously asserted an amended third-party complaint against MAI asserting, *inter alia*, that: under HCDA's contract with MAI for MAI's professional services, MAI was responsible for the "accuracy, completeness, clarity and adequacy of all of [its] work and is liable to [HCDA] for damages caused by [MAI]"; the contract for MAI's professional services contained an indemnification provision requiring MAI to defend, indemnify and hold harmless HCDA from all liability, damage, expenses and claims arising out of MAI's acts or omissions; if CCI suffered any damages alleged in its first amended complaint, "such damages were caused or contributed to by [CCI] and/or [MAI] on account of their joint and/or several breach of contract, breach of warranty, negligence or other breaches of duty"; and that if HCDA is found liable to CCI for any damages, then HCDA was entitled to indemnification from MAI for those damages, as well as all legal expenses incurred by HCDA in defending against CCI's claims.

On December 30, 2015, MAI filed its answer to HCDA's first amended third-party complaint and additionally filed another third-party complaint against DTRIC.  In MAI's third-party complaint against DTRIC, it alleged four counts:

COUNT I

. . . .

9.  If HCDA was injured and/or damaged, such injuries and/or damages resulted from or were proximately caused by the negligence, defective products, breach of duty, breach of contract, breach of express warranty, breach of implied warranty, strict liability and/or other wrongful acts, fault or omissions of DTRIC, and MAI is in no way at fault and MAI is entitled to indemnification and/or contribution from DTRIC.
10.  If HCDA was injured and/or damaged, such injuries and/or damages resulted from or were proximately caused by the negligence, defective products, breach of duty, breach

5

of contract, breach of express warranty, breach of implied warranty, strict liability and/or other wrongful acts, fault or omissions of DTRIC, and if MAI is found at fault in any way, MAI is entitled to indemnification and/or contribution from DTRIC.

11. If MAI is found negligent, such negligence was passive and secondary, whereas any negligence on the part of DTRIC was active and primary, entitling MAI to indemnification and/or contribution from DTRIC.

12. If any judgment is entered against MAI, such damages, costs, expenses and attorneys' fees will have been caused by DTRIC for which MAI is entitled to indemnification, defense, reimbursement and/or contribution from DTRIC for the entire amount of any judgment, if any, rendered against MAI, together with its expenses, costs and reasonable attorneys' fees.

### COUNT II

. . . .

14. MAI did not engage in any wrongful acts, which in any way caused or contributed to the injuries and/or damages claimed by HCDA.

15. If MAI is found to have engaged in any act or omission which in any way caused or contributed to HCDA's alleged injuries and/or damages, which it denies, such conduct was passive or secondary and not the proximate cause of HCDA's alleged injuries or damages.

16. If any judgment is entered against MAI, such damages, costs, expenses and attorneys' fees will have been caused by DTRIC for which MAI is entitled to indemnification, reimbursement and/or contribution from DTRIC for the entire amount of any judgment, if any, rendered against MAI, together with its expenses, costs and reasonable attorneys' fees.

### COUNT III

. . . .

18. MAI has become involved in this legal dispute either because of a breach of contract or breach of warranty by DTRIC, or because of DTRIC's tortious conduct, and/or wrongful or negligent acts and/or omissions.

19. As a direct, proximate, and foreseeable result of DTRIC's breach of contract, breach of warranty, tortious conduct and/or wrongful or negligent acts and/or omissions, MAI had incurred and is entitled to recover attorneys' fees and costs including but not limited to fees and costs in the defense of this litigation and relating to insurance coverage issues arising from or related to the claims brought in this litigation.

### COUNT IV

. . . .

21. MAI reserves the right to amend over and assert against DTRIC any and all claims as may be appropriate for assertion by MAI upon receipt and review of the claims, cross-claims and third-party claims asserted by DTRIC in

> response to MAI's Third-Party Complaint and any amendments
> to HCDA's Third-Party Complaint, and upon receipt and review
> of the information obtained throughout the course of
> discovery.

On January 21, 2016, DTRIC moved for summary judgment on MAI's third-party complaint, requesting that the Circuit Court take judicial notice of its order in the related DTRIC Declaratory Action which held that DTRIC was not obligated to defend or indemnify HCDA against CCI's suit.  The order granting partial summary judgment in the DTRIC Declaratory Action was attached as an exhibit to DTRIC's summary judgment motion in this case.  DTRIC did not submit any other evidence in support of its motion.

On February 12, 2016, MAI filed its "*Ex Parte* Motion to Continue the Hearing Date and All Filing Deadlines on [DTRIC's] Motion for Summary Judgment on [MAI's] Third Party Complaint Filed on January 21, 2016" (**MAI's *ex parte* motion**).

On March 21, 2016, the Circuit Court entered its "Trial Setting Status Conference Order" ordering, *inter alia*, that previous court dates, deadlines, and the 3/20/15 discovery stay be vacated and replaced by deadlines in accordance with the new trial date, set for the week of February 20, 2017.

On March 24, 2016, MAI filed its "Memorandum in Opposition to [DTRIC's] Motion for Summary Judgment" (**3/24/16 memo**).  MAI's opposition argued, *inter alia*, that summary judgment was not proper because a year long stay of discovery had been in place and it needed time to conduct discovery, and that DTRIC was now seeking reimbursement of over $150,000 from HCDA for attorneys' fees, thereby potentially increasing HCDA's alleged claims against MAI.  MAI's opposition did not include any affidavits, declarations or evidence.

On March 30, 2016, DTRIC filed its "Reply Memorandum in Support of Plaintiff's [sic] Motion for Summary Judgment Against [MAI]."

On April 1, 2016, after a hearing on DTRIC's motion for summary judgment on MAI's third-party complaint, the Circuit

Court orally granted the motion, stating in part:

> So on Counts I and II of the Third-Party Complaint and the cross-claim, the law of the case is that -- if HCDA was injured or damaged, it's not the fault of DTRIC. That's the application of the Court's prior ruling. And because the Court ruled that DTRIC had no obligation to defend or indemnify HCDA, the claims in these -- the Third-Party Complaint and the cross-claim of indemnity, defense, reimbursement, and contribution against DTRIC on grounds that DTRIC and not MAI is responsible to or at fault for any damage or harm to HCDA cannot survive as a matter of law.

> On Counts III and IV, on -- the cross-claim and Third-Party Complaint deal with attorneys' fees and the amendment -- right to amend a claim. The Court's ruling on these is that because of my ruling and disposition of Counts I and II, and on grounds of law of the case, that DTRIC has no obligation to defend or indemnify. On Counts III and IV, the Court rules that DTRIC is entitled to summary judgment.

> . . . .

> And finally with regard to the [HRCP] Rule 56 continuance, the rule is clear under Rule 56 that an affidavit or declaration must be submitted to support a Rule 56 request.  And I think it is improper, and the Court declines and denies the request by [MAI] for me to take judicial notice of another submission in a separate motion to suffice as a declaration or affidavit under Rule 56. Now, assuming *arguendo* I did that and there even was a declaration or affidavit submitted, as Rule 56 requires, the Court also rules that there is no potential discovery, based on the nature of this summary judgment argument and analysis, that there is no potential discovery, based on the record I have before me, that MAI could conduct to create a genuine issue of material fact in light of law of the case and this Court's prior ruling [in the DTRIC Declaratory Action].[7]

On July 13, 2016, the Circuit Court entered its "Order Granting [DTRIC's] Motion for Entry of Final Judgment" and "Judgment" in favor of DTRIC and against MAI with respect to MAI's third-party complaint.  MAI timely appealed.

## II.  Standards of Review

### A.  Motion for Summary Judgment

We review a circuit court's grant or denial of summary judgment *de novo*.  Anastasi v. Fidelity Nat'l Title Ins. Co., 137 Hawaiʻi 104, 112, 366 P.3d 160, 168 (2016).  It is well

---

[7]  In granting summary judgment for DTRIC, the Circuit Court also rejected MAI's argument that it was entitled to equitable indemnity based on federal case law.  MAI does not assert an equitable indemnity argument on appeal.

settled that:

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together, with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and the inferences drawn therefrom, in the light most favorable to the party opposing the motion.

Id. (brackets and citations omitted).

## B.  HRCP Rule 56(f) Continuance

"A trial court's decision to deny a request for a continuance pursuant to HRCP Rule 56(f) will not be reversed absent an abuse of discretion." Kaleikini v. Yoshioka, 128 Hawaiʻi 53, 67, 283 P.3d 60, 74 (2012) (citation omitted).

> The request must demonstrate how postponement of a ruling on the motion will enable him or her, by discovery or other means, to rebut the movants' showing of absence of a genuine issue of fact.  An abuse of discretion occurs where the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

Assocs. Fin. Servs. Co. of Hawaii, Inc. v. Richardson, 99 Hawaiʻi 446, 454, 56 P.3d 748, 756 (App. 2002) (brackets omitted) (quoting Josue v. Isuzu Motors Am., Inc., 87 Hawaiʻi 413, 416, 958 P.2d 535, 538 (1998)).

### III.  Discussion

MAI argues the Circuit Court was wrong to grant summary judgment to DTRIC on MAI's third-party complaint based on the "law of the case" doctrine and the coverage ruling in the DTRIC Declaratory Action, because (1) the "law of the case doctrine" applies only to appellate, not Circuit Court decisions; and (2) the declaratory judgment only settled Counts I and II of MAI's third-party complaint, preserving Counts III and IV for further review and discovery.

## A.  Counts I and II

MAI argues the Circuit Court could not rely on law of the case from the DTRIC Declaratory Action in deciding summary

9

judgment on MAI's third-party complaint in this case, because any law of the case was not from an appellate court ruling.  We conclude, however, that the law of the case doctrine is not dispositive and we need not address that issue.  Rather, with regard to Counts I and II in MAI's third-party complaint against DTRIC, summary judgment for DTRIC was proper for reasons different than those relied upon by the Circuit Court.  See Prudential Locations, LLC v. Gagnon, 151 Hawaiʻi 136, 146, 509 P.3d 1099, 1109 (2022)(holding that summary judgment was properly granted, but based on different reasoning than the circuit court); Peak Capital Group, LLC v. Perez, 141 Hawaiʻi 160, 175, 407 P.3d 116, 131 (2017); Waianae Model Neighborhood Area Ass'n v. City & County of Honolulu, 55 Haw. 40, 43, 514 P.2d 861, 864 (1973) ("An appellate court may affirm summary judgment on any ground which appears in the record, regardless of whether the circuit court relied on it.").

MAI's third-party complaint against DTRIC sets out the background of CCI's first amended complaint against HCDA and then HCDA's third-party complaint against MAI.  MAI's Count I against DTRIC then asserts that, if HCDA was injured or damaged, such injuries or damages resulted from "the negligence, defective products, breach of duty, breach of contract, breach of express warranty, breach of implied warranty, strict liability and/or other wrongful acts, fault or omissions of DTRIC," that MAI is not at fault, and MAI is entitled to indemnification and/or contribution from DTRIC.  Count II asserts that MAI did not engage in any wrongful acts that caused or contributed to injuries or damages claimed by HCDA, and that if any judgment is entered against MAI, such damages, expenses and attorneys' fees will have been caused by DTRIC for which MAI would be entitled to indemnification, reimbursement or contribution from DTRIC.

However, as DTRIC asserts in its answering brief, there is no claim that DTRIC participated in preparing or disseminating the defective plans for renovating the American Brewery Building. CCI filed suit against HCDA because it had a contract with HCDA

to renovate the American Brewery Building.  In turn, HCDA sued MAI because it had a professional services design contract with MAI that it alleged MAI breached by preparing defective plans and specifications, and also because that contract had an indemnification provision for MAI to defend and indemnify HCDA. It is undisputed in the pleadings and the record that DTRIC was not a party to CCI's contract with HCDA, nor was DTRIC a party to HCDA's contract with MAI.  In short, there is no allegation in any claim that DTRIC was involved in the renovation of the American Brewery Building or in MAI's obligations to provide plans or specifications under its professional services contract with HCDA.  None of CCI's claims against HCDA, and in turn none of HCDA's claims for damages against MAI, are related to or arise from any asserted obligations of DTRIC.

In light of our analysis above, we need not address MAI's contention that the Circuit Court should have granted a continuance under HRCP Rule 56(f) so that it could conduct discovery.  Given the claims asserted in Counts I and II against DTRIC, MAI fails to identify any evidence that would be sought pertinent to those counts.

On this record, and for the reasons above, we conclude that summary judgment for DTRIC on Counts I and II in MAI's third-party complaint was proper.

**B.  Counts III and IV**

Count III in MAI's third-party complaint against DTRIC is unlike Counts I and II.  MAI asserts in Count III it "has become involved in this legal dispute either because of a breach of contract or a breach of warranty by DTRIC, or because of DTRIC's tortious conduct, and/or wrongful or negligent acts and/or omissions[,]" and that as a result of DTRIC's conduct, MAI has incurred and is entitled to recover "attorneys' fees and costs including but not limited to fees and costs in the defense of this litigation and relating to insurance coverage issues arising from or related to the claims brought in this litigation."

In its briefing to this court, MAI argues that DTRIC breached its duty to MAI by improperly agreeing to defend HCDA against CCI's claims, which MAI contends were clearly not covered under DTRIC's policy.  MAI argues that due to DTRIC hastily undertaking to defend HCDA, DTRIC spent more than $150,000 and initiated the DTRIC Declaratory Action that it was not required to do, resulting in MAI being brought into both this action and the DTRIC Declaratory Action, and being forced to incur tens of thousands of dollars in fees and expenses.  MAI essentially appears to contend that DTRIC's handling of HCDA's tender of defense amounted to bad faith conduct toward MAI, resulting in MAI being damaged.  Although Count III is somewhat unclear and inartfully plead,[8] and MAI cites no legal authority that its alleged claim in Count III is supported by legal authority, we conclude summary judgment was not proper because DTRIC failed to meet its initial burden as the summary judgment movant.

The Hawaiʻi Supreme Court has explained the burden shifting paradigm for summary judgment as follows:

> The burden is on the party moving for summary judgment (moving party) to show the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitles the moving party to judgment as a matter of law. This burden has two components.
>
> First, the moving party has the burden of producing support for its claim that: (1) no genuine issue of material fact exists with respect to the essential elements of the claim or defense which the motion seeks to establish or which the motion questions; and (2) based on the undisputed facts, it is entitled to summary judgment as a matter of law. Only when the moving party satisfies its initial burden of production does the burden shift to the nonmoving party to respond to the motion for summary judgment and demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.
>
> Second, the moving party bears the ultimate burden of persuasion. This burden always remains with the moving party and requires the moving party to convince the court that no genuine issue of material fact exists and that the moving party is entitled to summary judgment as a matter of law.

---

[8]  "Under Hawaii's notice pleading approach, it is not necessary to plead legal theories with precision."  Bank of America, N.A. v. Reyes-Toledo, 143 Hawaiʻi 249, 259, 428 P.3d 761, 771 (2018) (internal quotation marks, ellipses and brackets omitted).

Ralston v. Yim, 129 Hawaiʻi 46, 56-57, 292 P.3d 1276, 1286-87 (2013) (quoting French v. Hawaiʻi Pizza Hut, Inc., 105 Hawaiʻi 462, 470, 99 P.3d 1046, 1054 (2004)).

Moreover, "a summary judgment movant may satisfy his or her initial burden of production by either (1) presenting evidence negating an element of the non-movant's claim, or (2) demonstrating that the nonmovant will be unable to carry his or her burden of proof at trial." Id. at 60, 292 P.3d at 1290 (citation omitted).

Here, the only evidence that DTRIC adduced was the order in the DTRIC Declaratory Action determining that DTRIC had no duty to defend or indemnify HCDA in this action. DTRIC argued that "[a]s a matter of law, [MAI's] involvement in this lawsuit and in the related insurance coverage issues cannot be the result of any wrongful act by DTRIC, because DTRIC was never obligated to defend or indemnify HCDA against this lawsuit."  However, MAI's Count III claim is not dependent on, or related to, DTRIC's duty to defend or indemnify HCDA.  Rather, MAI is apparently raising a claim based on DTRIC's handling of HCDA's claim, which MAI contends caused it to incur attorneys' fees and costs.

As the movant, DTRIC presented no evidence regarding its handling of HCDA's claim to establish that there are no genuine issues of material fact, and it failed to provide authority in its motion for summary judgment to satisfy its burden that, as a matter of law, it was entitled to summary judgment on Count III.  The supreme court has expressed that "[i]n general, whether an insurer has acted in bad faith is a question of fact." Willis v. Swain, 129 Hawaiʻi 478, 496, 304 P.3d 619, 637 (2013) (citing Guajardo v. AIG Hawaiʻi Ins. Co., 118 Hawaiʻi 196, 206, 187 P.3d 580, 590 (2008)).

Therefore, we conclude that DTRIC failed to satisfy its initial burden for summary judgment and the Circuit Court erred in granting summary judgment with respect to Count III.

Count IV does not assert any claims for relief, only MAI's right to amend its third-party complaint against DTRIC and

13

assert new, unspecified claims as they become known through discovery.  As such, the Circuit Court did not err in granting DTRIC's motion for summary judgment on this count.  See HRCP Rule 8(a) (A pleading which sets forth a claim for relief, *i.e.* in a third-party claim, "shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks."); In re Genesys Data Techs., Inc., 95 Hawaiʻi 33, 41, 18 P.3d 895, 903 (2001) ("Hawaii's rules of notice pleading require that a complaint set forth a short and plain statement of the claim that provides defendant with fair notice of what the plaintiff's claim is and the grounds upon which the claim rests.").

Thus, the Circuit Court did not err in granting summary judgment with regard to Count IV of MAI's third-party complaint against DTRIC.

Given our analysis with respect to Counts III and IV, we need not address MAI's arguments under HRCP Rule 56(f).

## IV.  Conclusion

For the reasons discussed above, the "Judgment" and "Order Granting Third Party Defendant DTRIC Insurance Company, Limited's Motion for Entry of Final Judgment," both entered by the Circuit Court of the First Circuit on July 13, 2016, are affirmed with respect to Counts I, II, and IV of MAI's third-party complaint against DTRIC, but are vacated with respect to Count III.  We remand this case to the Circuit Court for further proceedings consistent with this memorandum opinion.

DATED:  Honolulu, Hawaiʻi, October 21, 2022.

On the briefs:                      /s/ Lisa M. Ginoza
                                    Chief Judge
Sheri J. Tanaka,
for Third-Party Plaintiff-          /s/ Katherine G. Leonard
Appellant                           Associate Judge

Keith K. Hiraoka,                   /s/ Sonja M.P. McCullen
Jodie D. Roeca,                     Associate Judge
for Third-Party Defendant-
Appellee